PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC. v.
LOLA MAE LOVIN

No. 7028SC521

(Filed 18 November 1970)

1. Appeal and Error § 39— belated docketing of record on appeal — dismissal of appeal

Appeal is dismissed for failure of appellant to docket the record on appeal within 90 days after the date of the order appealed from. Court of Appeals Rule of Practice No. 5.

2. Gas § 6; Eminent Domain § 7— order allowing landowner to withdraw deposit

In a proceeding to condemn a gas pipeline easement across the respondent's lands, the trial judge had discretionary power to allow the respondent to withdraw the deposit of $3400 paid into the court by the gas company, without prejudicing the respondent's right to continue further opposition to the condemnation. G.S. 40-19.

3. Courts § 9— order of one judge overruling order of another judge

One superior court judge cannot modify an order or judgment of another superior court judge, even if based upon an erroneous application of legal principles.

APPEAL by petitioner from *Hasty, Superior Court Judge,* Order of 13 April 1970, BUNCOMBE County Superior Court.

Petitioner, Public Service Company of North Carolina, Inc., instituted this action as a special proceeding, under Chapter 40 of the General Statutes, against respondent, Lola Mae Lovin to condemn a fifty-foot right-of-way and easement across the lands of the respondent for the purpose of constructing and maintaining a gas pipeline. Respondent filed an answer denying, among other things, the right of the petitioner to maintain the action. A hearing was held and an order entered on 29 October 1968 by the Clerk of the Superior Court in which the petitioner was granted a fifty-foot easement and right-of-way across the lands of respondent. Commissioners were appointed to appraise the easement and determine the compensation due to the respondent. Upon receiving the report of the Commissioners assessing damages at $3,400.00, the Clerk of the Superior Court entered an order confirming the report and both parties entered exceptions and gave notice of appeal to the Superior Court.

Respondent then filed a petition to withdraw, without prejudice to the appeal, the deposit of $3,400.00 paid into Court

by the petitioner. On 23 January 1969, Superior Court Judge Harry C. Martin ordered the clerk to pay the sum of $3,400.00 to the respondent, the same to operate as a credit without prejudice to further proceedings in the cause to determine either just compensation or to determine whether petitioner was entitled to proceed in the action with regard to its right to condemn the property of the respondents. No objection or exception to this order was made by petitioner.

Petitioner, on 21 November 1969, moved to dismiss the appeal on the grounds that the withdrawal of the deposit constituted a waiver of the exceptions of the respondent and had the effect of a full settlement. This motion was heard before Superior Court Judge Fred H. Hasty, who found facts and concluded that the withdrawal of the deposit by the respondent did not constitute a waiver of exceptions or work an estoppel and entered an order denying the motion to dismiss. From the denial of the motion to dismiss the appeal, the petitioner appeals to this Court.

*Bennett, Kelly & Long; Hendon & Carson by George Ward Hendon for petitioner appellant.*

*Gudger, Erwin and Crow by S. J. Crow for respondent appellee.*

CAMPBELL, Judge.

[1] On 13 April 1970 Judge Hasty denied petitioner's motion to dismiss respondent's appeal to the Superior Court, and petitioner gave notice of appeal to the Court of Appeals. Petitioner's record on appeal was docketed in this Court 15 July 1970. Rule 5 of the Rules of Practice in the Court of Appeals requires the record on appeal, absent an order extending the time, to be docketed within ninety (90) days after the date of the judgment or order appealed from. There is no order extending time for docketing in the record before us. Accordingly, for failure to docket the record on appeal within the time allowed by the rules, this appeal is dismissed.

[2, 3] However, we have reviewed the record and find no prejudicial error. G.S. 40-19 specifically authorizes the Judge of the Superior Court to "make such order in the premises as to him shall seem right and proper." We think that under this authority Judge Martin had the discretionary power to allow

the withdrawal of a deposit in a condemnation proceeding without prejudice to the withdrawing party to continue further litigation. It was incumbent upon the petitioner, if aggrieved by the order of Judge Martin, to object and except thereto. The petitioner did not do so, but instead sought relief by a motion before another superior court judge. One superior court judge cannot modify an order or judgment of another superior court judge, even if based upon an erroneous application of legal principles. *In re Register*, 5 N.C. App. 29, 167 S.E. 2d 802 (1969).

Appeal dismissed.

Judges BRITT and HEDRICK concur.