CORTNEY R. KING v. WILLIAM M. DANIELS, JR. AND
LEON R. RANDOLPH, JR.

No. 712SC468

(Filed 4 August 1971)

1. **Appeal and Error § 39— failure to docket record on appeal in apt time**
   Appeal is dismissed for failure to docket the record on appeal within 90 days after the date of the judgment appealed from, no order extending the time for docketing having been entered.

2. **Conspiracy § 2— civil conspiracy — insufficiency of evidence**
   Plaintiff's evidence was insufficient to be submitted to the jury in this action to recover damages for civil conspiracy to prevent plaintiff from being reemployed as a school teacher.

APPEAL by plaintiff from *May, Special Judge,* 15 February 1971 Session, BEAUFORT Superior Court.

In this tort action, plaintiff seeks to recover damages from defendants, alleging that defendants wrongfully prevented her from being reemployed as a teacher in the Washington City Schools.

After plaintiff presented her evidence, defendants moved for a directed verdict. The motion was allowed and from judgment that plaintiff recover nothing of defendants and taxing her with the costs, plaintiff appealed.

*Wilkinson, Vosburgh & Thompson by John A. Wilkinson and LeRoy Scott for plaintiff appellant.*

*Rodman & Rodman by Edward N. Rodman for defendant appellees.*

BRITT, Judge.

[1] The judgment appealed from was entered and filed on 17 February 1971. The record on appeal was docketed in this court on 25 May 1971, 97 days after the judgment was signed. Rule 5 of the Rules of Practice in the Court of Appeals requires that the record on appeal, absent an order extending the time, be docketed within 90 days after the date of the judgment or order appealed from. The record before us contains no order extending time for docketing the record on appeal; therefore, for failure to docket the record within the time prescribed by the rules, this appeal is dismissed. *Williford v. Williford,* 10

N.C. App. 541, 179 S.E. 2d 118 (1971) ; *James v. Harris,* 9 N.C. App. 733, 177 S.E. 2d 306 (1970) ; *Public Service Company v. Lovin,* 9 N.C. App. 709, 177 S.E. 2d 448 (1970).

[2] Although we have dismissed the appeal for the reason stated, we have nevertheless carefully reviewed the record and conclude that the trial court properly allowed defendants' motion for a directed verdict. Plaintiff contends that her action is based on the civil conspiracy theory; we do not think that the evidence introduced, together with the competent evidence disallowed by the court, was sufficient to make out a case of civil conspiracy.

Appeal dismissed.

Judges MORRIS and PARKER concur.