Chief Judge BROCK and Judge CAMPBELL concur.

CHARLOTTE CAROL CAMPBELL v. DENNIS EDWARD CAMPBELL

No. 7420DC248

(Filed 7 August 1974)

**Appeal and Error § 39— failure to docket record in apt time**

Appeal is dismissed for failure to docket the record on appeal within 90 days from the date of the judgment appealed from. Court of Appeals Rule 5.

Campbell v. Campbell

APPEAL by defendant from *Crutchfield, Judge,* 8 October 1973 Session of STANLY County District Court.

This action was filed by the plaintiff wife against the defendant husband on 5 July 1973, seeking temporary and permanent alimony, child custody and support, and the possession of various property. A show cause order was entered on the same day directing the defendant to appear and show cause, if any he had, why the relief sought should not be granted. A general denial and counterclaim were filed by the defendant asking monetary relief as a result of certain actions on the part of the plaintiff in taking a joint savings account and other personal property without the permission of the defendant. The plaintiff filed a reply denying the allegations of the counterclaim and again asking for the relief demanded in the complaint.

A motion was filed on 4 August 1973, by the defendant asking that the plaintiff be ordered to remain away from the premises where the defendant was living and where he had his office. An order was entered by the court on the same day granting the relief sought by the defendant. On 25 August 1973, the court considered testimony of the plaintiff and witnesses to determine if an emergency order was justified considering all circumstances of the case. Finding in the affirmative, the court entered an order the same date granting possession of the home to the plaintiff and possession of the place of business to the defendant, granting custody of the children to the plaintiff pending further orders of the court, ordering child support to be paid in the amount of $35.00 per week for each child, and ordering temporary alimony in the amount of $80.00 to be paid each week. The defendant entered an objection and exception to this order but did not attempt to appeal.

On 24 September 1973, the defendant filed a lengthy motion setting forth various acts of misconduct on the part of the plaintiff and requesting that the plaintiff's complaint be dismissed, that the order of 25 August 1973, be vacated, that the defendant be declared not liable for the support of the plaintiff, that the custody of the children be awarded to the defendant, and that certain property be returned to the defendant. A hearing was held on 8 October 1973, at which both parties and their attorneys were present. The court modified the order of 25 August 1973, to the extent that the plaintiff was granted the possession of the portion of the building used for her office, the

defendant was granted the exclusive possession of the portion of the building used for his office, and each party was directed to stay away from the premises of the other. The motion to dismiss was denied and the order to pay temporary alimony to the plaintiff was stricken, leaving him responsible only for child support. To the entry of this order, the defendant excepted and gave notice of appeal.

The case on appeal was tendered to the plaintiff on 30 November 1973. No objection or countercase was filed. The judgment had been entered on 8 October 1973, and the case on appeal was filed in this court on 10 January 1974.

*Wade and Carmichael by J. J. Wade, Jr., for plaintiff-appellee.*

*E. A. Hightower for defendant-appellant.*

CARSON, Judge.

The plaintiff has moved to dismiss the appeal pursuant to provisions of Rule 5, which require the case on appeal to be docketed in the Court of Appeals within 90 days from the entry of the order appealed from. The appellant did not docket the case within 90 days as required by Rule 5, and he did not obtain an extension of time in which to docket said appeal. We hold, therefore, that the motion should be allowed and that the appeal must be dismissed. *James v. Harris,* 9 N.C. App. 733, 177 S.E. 2d 306 (1970) ; *Public Service Co. v. Lovin,* 9 N.C. App. 709, 177 S.E. 2d 448 (1970).

Although the appeal must be dismissed for the failure to docket, we have nevertheless examined the contentions of the parties. We note that the order appealed from is an interlocutory order. The provisions for temporary alimony have already been stricken. The show cause hearing for the other relief has not been held. We feel that the contentions of the defendant can be adequately propounded at that hearing; and if he is entitled to relief, it will be forthcoming in the near future.

Appeal dismissed.

Judges PARKER and VAUGHN concur.