ISABELLE YOUNG MILLER v. JOHN ALBERT MILLER

No. 7622SC1012

(Filed 5 October 1977)

**1. Partition § 12— cross-deeds— erroneous boundary course— effective partition— ineffectiveness of subsequent cross-deeds**

Where respondent and his brother acquired land in 1939 as tenants in common and divided the land equally by a plat which contained an erroneous boundary course, the two brothers and their wives executed cross-deeds to partition the tract in 1942 which also contained the erroneous boundary course, and respondent was the sole grantee of the deed from his brother and his brother's wife, the 1942 deeds were effective to partition the land and to give respondent his share in severalty; therefore, a 1959 cross-deed from respondent's brother and the brother's wife to respondent and respondent's wife which recited that its purpose was to correct errors in the prior deed "and to create an estate by the entireties" was ineffective to give respondent's wife an interest in the land as a tenant by the entirety, since respondent's brother could not convey in 1959 what had already been effectively conveyed in 1942.

**2. Rules of Civil Procedure § 56— authority to vacate denial of summary judgment — notice**

The court had authority to vacate its previous order denying a motion for summary judgment, since the order denying summary judgment was not *res judicata*, and where nothing pertinent to the motion was filed subsequent to the prior order, it was not necessary to issue new notice.

APPEAL by petitioner from *Graham, Judge*. Judgment entered 14 September 1976 in Superior Court, DAVIE County. Heard in the Court of Appeals 1 September 1977.

On 14 April 1975 petitioner Isabelle Miller filed a special proceeding before the Clerk of Superior Court for Davie County seeking a partition order for two tracts of land which she allegedly owned as a tenant by the entirety with respondent John Albert Miller prior to their absolute divorce, and now shared with the respondent as a tenant in common. Respondent answered, agreeing to the partition of tract two but denying that of tract one. He pled

sole seisin of tract one as a defense. Respondent then made timely motion for summary judgment.

From the pleadings, answers to interrogatories and affidavits, the following facts appear: (1) On 24 February 1939 respondent and his brother, Daniel B. Miller, acquired a 282.5-acre tract, which included Tract One, as tenants in common; in the same month the brothers divided the tract equally by a plat, which contained an erroneous boundary course (8 1/2 deg. west) conflicting with that in the deed (80 1/2 deg. west); (2) petitioner and respondent were married 24 February 1939, divorced 14 March 1975; and (3) on 26 October 1942 respondent and petitioner and respondent's brother and his wife, executed cross-deeds to partition the 282.5-acre tract. The respondent was the sole grantee of the deed from his brother and wife; respondent's brother was the sole grantee of the deed from respondent and petitioner. The error in the 1939 plat was carried over into the 1942 deeds; (4) on 15 January 1959 a new plat was prepared containing the correct course description; (5) on 24 January 1959 respondent's brother and wife and respondent and petitioner executed cross-deeds conveying the same interests conveyed in the 1942 deeds. The 1959 deeds contained the following recital: "The purpose of this deed is to correct certain errors in a prior deed . . . and to create an estate by the entireties."

On 2 March 1976 the court entered an order denying respondent's motion for summary judgment. On 14 September 1976 the court struck the order of 2 March 1976 and granted respondent's motion for summary judgment. From this judgment petitioner appeals.

*Carlton, Rhodes and Thurston by Graham M. Carlton and Gary C. Rhodes for petitioner appellant.*

*Peter W. Hairston for respondent appellee.*

CLARK, Judge.

The sole question raised by this appeal is whether the trial court erred in rendering summary judgment under G.S. 1A-1, Rule 56 for respondent.

[1]  The parties do not contend that the course error on the original 1939 division plat and carried forward in the 1942 division deeds was such that there was no effective partition between respondent and his brother. The course error was obviously an inadvertent one, which would not and did not result in misunderstanding as to the

true boundaries of the lands partitioned. It has been long established that a mistake or apparent inconsistency in a deed description shall not be permitted to defeat the intent of the parties if the intent appears in the deed. See *Moore v. Whitley*, 234 N.C. 150, 66 S.E. 2d 785 (1951) and cases cited therein. Cotenants may partition lands among themselves, and no particular form is required. 2 Tiffany, Real Property (3rd ed.) § 468. However, a parol partition may not be enforced if the statute of frauds is invoked. *Duckett v. Harrison*, 235 N.C. 145, 69 S.E. 2d 176 (1952).

There being an effective partition under the 1942 division deeds the respondent became the sole owner in severalty of the lands in question. The partition assigned to respondent what was already his and merely fixed the boundaries to his share which he then held in severalty. *Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530 (1959).

The petitioner's claim of ownership as tenant by the entirety of the tract in question is based on the cross-deeds made in 1959 between former cotenant (respondent's brother) and his wife, and respondent and petitioner as husband and wife. But at that time the respondent's brother owned no interest in the land because respondent was then the sole owner in severalty. The brother could not convey in 1959 what he had already effectively conveyed in 1942. The 1959 deed recited that the purpose of the deed was to correct the description error in the 1942 partition deed and to create an estate by the entireties. But the grantors in the 1959 deed had no interest to convey, regardless of their intention, and this deed conveyed no interest or estate to either of the grantees. See *Combs v. Combs*, 273 N.C. 462, 160 S.E. 2d 308 (1968). It is noted that the 1959 deed was executed before the effective date (1969) of G.S. 39-13.5, which establishes a procedure for creating entirety estates by partition deeds and in partition proceedings.

The petitioner relies on *Wallace v. Phillips*, 195 N.C. 665, 143 S.E. 244 (1928). In that case it was alleged in the petition for partition that the husband was the owner of a life estate and that she was the owner of the reversionary interest in lands owned as tenants in common with others. The husband and wife agreed to take their allotted share as tenants by entirety. The court held that by their consent and agreement they changed their title and created a new one, a tenancy by the entirety in their share as allotted by the Commissioner. The court recognized the solemnity of the agreement in the judicial proceeding, and added that the husband had the right to

make a gift to his wife if it be assumed that he and not she was the true owner of the reversionary interest.

The *Wallace* decision is clearly distinguishable. *Sub judice*, we do not have a claimed interest by the wife which was settled by an agreement in a judicial proceeding. We have only an expressed intent to create an estate by the entirety in a deed which conveyed no interest. Further, there was no evidence that the wife relied on the ineffective 1959 deed to her detriment. We conclude that the principle of estoppel is not applicable in this case. Nor do we find a contract to convey enforceable by specific performance. Equity demands valuable considerations before forcing specific performance. *Dunn v. Dunn*, 242 N.C. 234, 87 S.E. 2d 308 (1955); 71 Am. Jur. 2d Specific Performance, § 113.

[2] Petitioner's second assignment of error, that the court erred by reversing its previous order denying respondent's motion of summary judgment, is without merit. An order denying summary judgment is not *res judicata* and a judge is clearly within his rights in vacating such denial. Where nothing pertinent to the motion has been filed subsequent to the previous order, it is even not necessary to issue new notice. 6 Moore, Federal Practice (2d ed. 1976) §§ 56.15(6), 56.20 (3-4), 56.21(1-3).

Affirmed.

Judges VAUGHN and HEDRICK concur.