MRS. N. J. CARR; ROBERT P. CARR; JULIA G. CARR; ROBERT B. CARR, BY HIS GUARDIAN AD LITEM, ROBERT P. CARR; AGNES JANE CARR, BY HER GUARDIAN AD LITEM, JULIA G. CARR; WILLIAM B. GOOCH; JULIA B. GOOCH AND DOUGLAS BRAXTON GOOCH v. GREAT LAKES CARBON CORPORATION, CARLTON WOOD AND BLAKE F. WATSON

No. 8025SC369

(Filed 2 December 1980)

**Courts § 9.4— summary judgment motion denied — hearing on second motion by another judge improper**

It was inappropriate for a superior court judge to determine defendant's second motion for summary judgment on the issue of punitive damages where another superior court judge had already denied defendant's first motion on the same issue, and this was true even though the materials presented to the court on the second motion were different from those at the hearing on the first motion, since the first judge, in denying defendant's motion, was ruling as a matter of law and not in his discretion; the ruling finally determined the rights of the parties with respect to that issue unless reversed upon appellate review; and the second judge therefore did not have authority to overrule the judgment of the first judge.

APPEAL by plaintiffs from *Ferrell, Judge.* Judgment entered 28 September 1979 in Superior Court, BURKE County. Heard in the Court of Appeals 14 October 1980.

Plaintiffs are landowners and their children who reside near a plant operated by the defendant Great Lakes Carbon Corporation (hereinafter Great Lakes). The individual defendants are the present and past plant managers for Great Lakes, a manufacturer of synthetic graphite which is essential in the production of steel.

Plaintiffs seek compensatory damages for injury to their health and damages to their property, as well as punitive damages. They contend defendants, in the operation of the manufacturing plant, have emitted and continue to emit smoke, soot, offensive and noxious odors, and various poisonous gases and particulates into the air. They assert four causes of action based upon the acts of defendants: nuisance, negligence, trespass, and strict liability for engaging in ultra-hazardous activity.

Defendants answered, denying the material allegations of the complaint and alleging several affirmative defenses.

The cause of action based upon ultra-hazardous activity by defendants has been dismissed and plaintiffs have not sought appellate review of that dismissal.

The action was instituted on 3 March 1976, and on 9 September 1977, defendants filed a motion for partial summary judgment, seeking a dismissal of the claim for punitive damages. Defendants also filed a notice of hearing that the motion for summary judgment would be heard on 30 September 1977. The motion was heard "at the September 30, 1977, term" and defendants' motion for summary judgment as to the claim for punitive damages was denied. The order denying the motion was signed by Presiding Judge William T. Grist on 10 October 1977.

Thereafter, on 28 November 1978, defendants filed another motion for summary judgment as to plaintiffs' claim for punitive damages. Plaintiffs, on 7 December 1978, filed a motion to quash this summary judgment motion for the reason that it was the same issue previously decided by Judge Grist. On 18 December 1978, Judge Forrest Ferrell heard the defendants' second motion for summary judgment on the issue of punitive damages, and on 8 June 1979 signed an order concluding that he had the power to hear the motion on the merits. He also allowed the parties additional time to file further affidavits and "memoranda." Judge Ferrell, on 28 September 1979, entered an order allowing defendants' motion for summary judgment as to plaintiffs' claim for punitive damages. From this order, plaintiffs appeal.

*Hudson, Petree, Stockton, Stockton & Robinson, by W. F. Maready and Jackson N. Steele, and Simpson, Baker, Aycock & Beyer, by Samuel Aycock, for plaintiff appellants.*

*Byrd, Byrd, Ervin, Blanton & Whisnant, by Joe K. Byrd and Robert B. Byrd, Patrick, Harper & Dixon, by Charles D. Dixon, and Sam J. Ervin, Jr. for defendant appellees.*

MARTIN (Harry C.), Judge.

On this appeal we must determine whether Judge Ferrell had authority to enter the order of 28 September 1979 dismissing plaintiffs' claim for punitive damages. Plaintiffs contend that one superior court judge has no authority to overrule the judgment of another superior court judge in the same case on the same issue. Defendants argue that such action is proper on motions for summary judgment if the materials presented at the hearing on the second motion are different from those presented at the hearing on the first motion.

Ordinarily, one superior court judge may not overrule the judg-

ment of another superior court judge previously made in the same case on the same legal issue. *Calloway v. Motor Co.*, 281 N.C. 496, 189 S.E. 2d 484 (1972); *State v. McClure*, 280 N.C. 288, 185 S.E. 2d 693 (1972); *Public Service Co. v. Lovin,* 9 N.C. App. 709, 177 S.E. 2d 448 (1970). This rule does not apply to interlocutory orders given in the progress of the cause. An order is merely interlocutory if it does not determine the issue but directs some further proceeding preliminary to a final decree. *Greene v. Laboratories, Inc.,* 254 N.C. 680, 120 S.E.2d 82 (1961). The doctrine of *res judicata* does not apply to interlocutory orders if they do not involve a substantial right. *Calloway v. Motor Co., supra.* Therefore, a judge does have the power to modify an interlocutory order when there is a showing of changed conditions which warrant such action.

> For example, when a judge denies a motion for a change of venue upon the basis of his findings of crucial facts his order denying the motion is conclusive of the right to remove *on the facts found.* However, because of events intervening thereafter the ends of justice might then require removal of the action.

281 N.C. at 502, 189 S.E.2d at 488.

However, when the judge rules as a matter of law, not acting in his discretion, the ruling finally determines the rights of the parties unless reversed upon appellate review. For example, a ruling on a motion to strike an averment from a pleading on the ground that it is irrelevant, improper or prejudicial, is a ruling as a matter of law. *Calloway v. Motor Co., supra.*

In the granting or denial of a motion for summary judgment, the court is ruling as a matter of law, and is not exercising its discretion. In determining a motion for summary judgment, the court must decide as a matter of law whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. 1A-1, Rule 56(c); *Yount v. Lowe,* 288 N.C. 90, 215 S.E.2d 563 (1975). Such a ruling is determinative as to the issue presented. The aggrieved party has its remedy; if the summary judgment is denied, the moving party may ask for appellate review by way of certiorari, *see Patterson v. Reid,* 10 N.C. App. 22, 178 S.E.2d 1 (1970), and may preserve its rights for later appellate review by noting proper objection and exception in the record. *See Public Service Co. v. Lovin,*

*supra.* If summary judgment is allowed, the aggrieved party may have appellate review as a matter of right. *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E.2d 797 (1976); *Jones v. Clark,* 36 N.C. App. 327, 244 S.E.2d 183 (1978); N.C. Gen. Stat. 1-277. The aggrieved party may not seek relief by identical motion before another superior court judge. *Public Service Co. v. Lovin, supra.*

Defendant contends that the materials presented to the court on the second motion for summary judgment were different from those at the hearing on the first motion for summary judgment, and therefore, it was appropriate for Judge Ferrell to determine the motion. We do not agree. It is true that additional evidence was offered at the hearing on the second motion. At the hearing before Judge Grist, he considered twenty-two pages of pleadings, one hundred eight pages of interrogatories and answers, depositions of five of the plaintiffs, and an affidavit of David Marsland. At the hearing on the second summary judgment motion, 18 December 1978 and 21 September 1979, Judge Ferrell had before him, in addition to the above materials, fourteen depositions and seven affidavits of witnesses.

Nevertheless, the legal issue raised by the second motion was identical to the legal issue on the first motion. The ruling by Judge Grist determined the issue as to punitive damages with respect to the motion for summary judgment. Defendants cannot thereafter relitigate the issue by way of motion for summary judgment. *Biddix v. Construction Corp.,* 32 N.C. App. 120, 230 S.E.2d 796 (1977). If defendants' contention is permitted to prevail, an unending series of motions for summary judgment could ensue so long as the moving party presented some additional evidence at the hearing on each successive motion.[1] This would defeat the very purpose of summary judgment procedure, to determine in an expeditious manner whether a genuine issue of material fact exists and whether the movant is entitled to judgment on the issue presented as a matter of law. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E.2d 823 1971).

It must be remembered that defendants asked for the hearing before Judge Grist upon their motion. If they needed additional evidence, they should not have requested the hearing, or should have requested a continuance of the hearing.

---

[1] This position was presented by defendants' counsel upon oral argument.

Carr v. Carbon Corp.

This is not to say that there can never be more than one motion for summary judgment in a lawsuit. Where a second motion presents legal issues that are different from those raised in the prior motion, such motion would be appropriate. For example, plaintiff sues agent and principal in an automobile negligence case. Principal files motion for summary judgment, contending solely that there was no agency relationship. The denial of this motion would not bar principal from thereafter filing motion for summary judgment on the question of negligence.

Defendants rely upon *Fleming v. Mann*, 23 N.C. App. 418, 209 S.E.2d 366 (1974); *Alltop v. Penney Co.*, 10 N.C. App. 692, 179 S.E. 2d 885, *cert. denied*, 279 N.C. 348 (1971); *Miller v. Miller*, 34 N.C. App. 209, 237 S.E.2d 552 (1977); *State v. Turner*, 34 N.C. App. 78, 237 S.E.2d 318 (1977), and several federal cases. In *Fleming* defendants moved to dismiss pursuant to Rule 12(b)(6). The motion was denied. Thereafter, plaintiff amended the complaint and the defendant Chace moved to dismiss the amended complaint under Rule 12(b)(6). This Court held the trial court had authority to determine the motion as it did not present the same legal question resolved by the first motion. There was also a difference in the parties involved. In *Alltop* this Court properly held that the denial of a motion to dismiss under Rule 12(b)(6) does not preclude the subsequent determination of a motion for summary judgment. Again, different legal issues are presented by the motions. *Miller* presented the question whether a judge who rules on a motion for summary judgment may thereafter strike the order, rehear the motion for summary judgment, and allow the motion. Such procedure does not involve one judge overruling another, and is proper under Rule 60. In *Turner*, the Court approved the action of a second judge in allowing the state's motion to continue a case after another judge had previously ordered the case to be tried or dismissed at a certain term of court. The order setting the case for trial was a pretrial order dealing with procedural matters of the case and not the merits. It did not determine any of the issues involved in the case and was interlocutory in nature. The doctrine that one superior court judge has no authority to overrule another does not apply to such orders. *Greene v. Laboratories, Inc., supra.*

Defendants cite several federal court decisions, none from the Fourth Circuit. We have carefully examined these cases and do not find them persuasive. Several are concerned with orders in which

the judge expressly stated the ruling was made without prejudice to the filing of a subsequent motion. The federal courts are not troubled by the problems attendant to North Carolina's "salutary principle" of rotation of judges, N.C. Const. art. IV, § 11. The court in *Castner v. First National Bank of Anchorage*, 278 F.2d 376, 379 (9th Cir. 1960), did observe the general rule: "[V]arious judges who sit in the same court should not attempt to overrule the decisions of each other."

It appears that the case at bar could have been disposed of by jury trial during the time required by the summary judgment motions. The action was filed 3 March 1976 and answer filed 30 April 1976. Sixteen months elapsed before the first summary judgment motion was filed. Surely this was sufficient time for all reasonable discovery to be completed. More than three years have elapsed since Judge Grist's order. At best, the case has moved at a rather leisurely pace through the court of Burke County.

The conservation of judicial manpower and the prompt disposition of cases are strong arguments against allowing repeated hearings on the same legal issues. The same considerations require that alleged errors of one judge be corrected by appellate review and not by resort to relitigation of the same issue before a different trial judge. North Carolina has long observed this rule. *See Calloway v. Motor Co., supra; State v. Neas*, 278 N.C. 506, 180 S.E.2d 12 (1971); *Greene v. Laboratories, Inc., supra; Topping v. Board of Education*, 249 N.C. 291, 106 S.E.2d 502 (1959); *Wall v. England*, 243 N.C. 36, 89 S.E.2d 785 (1955); *Hoke v. Greyhound Corp.*, 227 N.C. 374, 42 S.E.2d 407 (1947); *Fertilizer Co. v. Hardee*, 211 N.C. 56, 188 S.E. 623 (1936) (and cases cited therein); *Biddix v. Construction Corp., supra*. We perceive no sound reason to depart from this rule.

We hold Judge Ferrell did not have authority to enter the summary judgment order of 28 September 1979. It is, therefore, vacated, and the cause is remanded to the Superior Court of Burke County.

Vacated and remanded.

Judges HEDRICK and MARTIN (Robert M.) concur.