DOUGLAS P. RICH, Plaintiff v. DOUGLAS G. SHAW and DAVID SHAW D/B/A TAYLOR RENTALS, and THE CHARLES MACHINE WORKS, INC., Defendants

No. 8926SC1107

(Filed 15 May 1990)

**Sales § 22 (NCI3d) — product liability — belt guard removed from machine — proximate cause of injury — manufacturer not liable**

N.C.G.S. § 99B-3 bars recovery from the manufacturer in a product liability action where the forecast of evidence shows that a proximate cause of plaintiff's injury was the modification or alteration of a machine by a party other than the manufacturer after it left the manufacturer's control and that the alteration was contrary to the manufacturer's instructions and done without its express consent. Therefore, in an action to recover for injuries received when plaintiff's hand was pulled into the belts and pulleys of a rented trenching machine manufactured by defendant while plaintiff was working on the machine, summary judgment was properly entered for defendant manufacturer where plaintiff's forecast of evidence showed that a belt guard which would have prevented his injury was missing from the trencher when he rented it from a third party; defendant manufacturer's forecast of evidence showed that the belt guard was in place when the trencher left the manufacturer's control and that the operator's manual furnished by the manufacturer warned against operation of the trencher without the belt guard and cautioned that the belt guard should be replaced after removal for maintenance; and plaintiff failed to present evidence that the belt guard was not in place when the trencher left the manufacturer's control.

**Am Jur 2d, Products Liability §§ 354, 367.**

APPEAL by plaintiff from order entered 21 July 1989 in MECKLENBURG County Superior Court by *Judge Frank W. Snepp.* Heard in the Court of Appeals 11 April 1990.

In this product liability action plaintiff seeks damages for an injury he received while operating a Ditch Witch C99 trenching machine. The trencher, manufactured by defendant The Charles

RICH v. SHAW

[98 N.C. App. 489 (1990)]

Machine Works, Inc., was rented by plaintiff from defendants Douglas and David Shaw d/b/a Taylor Rentals.

When plaintiff rented the trencher from Taylor Rentals he noticed that the belt guard, also referred to as a safety guard, was missing. The purpose of the belt guard is to protect the operator of the trencher by preventing the operator from inserting hands or other body parts into the belts, chains, or gears of the machine. When plaintiff started to use the machine, he noticed that the rear wheels of the trencher were not pulling and that the digging chain was not engaged. In an attempt to fix the trencher plaintiff knelt down and, without turning off the motor, tried to adjust two levers located in the trencher. While plaintiff was working on the trencher with his left hand, his right hand was somehow pulled into the belts and over the pulleys. As a result his hand was seriously injured.

Summary judgment was granted in favor of defendant manufacturer based on N.C. Gen. Stat. § 99B-3. Plaintiff appeals.

*Smith and Feerick, by Richard T. Feerick, for plaintiff-appellant.*

*Golding, Meekins, Holden, Cosper & Stiles, by John G. Golding, for defendant-appellee The Charles Machine Works, Inc.*

WELLS, Judge.

Summary judgment should be granted when the pleadings, affidavits, and other documents on file show that there is no genuine issue of material fact for trial and that any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A, Rule 56(c) (1983 & Supp. 1989); *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982). An issue is genuine if it may be maintained by substantial evidence and a fact is material if it would irrevocably establish any material element of a claim or defense. *Id.* Defendant may meet this burden in one of three ways: (1) proving that an essential element of the plaintiff's claim is nonexistent, (2) showing that plaintiff cannot produce evidence to support an essential element of his claim, or (3) showing that plaintiff cannot overcome an affirmative defense which bars the claim. *Bernick, supra, citing Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). If defendant satisfies its burden of proof, then the burden shifts to the plaintiff to show that there is a genuine issue for trial. *Id.*

In his complaint plaintiff asserted various theories of negligence against defendant manufacturer including negligent design based on failure to equip the belt guard with an electrical interlock which would prevent the engine of the machine from operating when the guard was removed. In response to plaintiff's complaint, defendant manufacturer denied all allegations of negligence and specifically raised the provisions of N.C. Gen. Stat. § 99B-3 (1989) as a defense to this action. In this case, summary judgment was proper if the provisions of G.S. § 99B-3 barred recovery by plaintiff as to defendant manufacturer.

Chapter 99B of the North Carolina General Statutes governs product liability actions. G.S. § 99B-3 specifically addresses circumstances under which a manufacturer of a product will not be held liable in the event a product is altered or modified after leaving the manufacturer's control. The statute provides:

(a) No manufacturer . . . of a product shall be held liable in any product liability action where a proximate cause of the personal injury, death or damage to property was either an alteration or modification of the product by a party other than the manufacturer . . ., which alteration or modification occurred after the product left the control of such manufacturer . . . unless:

(1) The alteration or modification was in accordance with the instructions or specifications of such manufacturer . . .; or

(2) The alteration or modification was made with the express consent of such manufacturer. . . .

(b) For the purposes of this section, alteration or modification includes changes in the design, formula, function, or use of the product from that originally designed, tested, or intended by the manufacturer. It includes failure to observe routine care and maintenance, but does not include ordinary wear and tear.

G.S. § 99B-3.

Defendant manufacturer submitted an affidavit stating that all of its C99 trenching machines were manufactured and assembled with a belt guard and that these trenching machines have always been sold and shipped to a distributor with belt guards firmly bolted in place. Defendant manufacturer's affidavit also stated that

RICH v. SHAW

[98 N.C. App. 489 (1990)]

the operator's manual furnished to dealers contains safety warnings against removing the belt guard while a trencher is running and cautioning that the belt guard be replaced after removal for any maintenance. A copy of this manual was exhibited with the affidavit.

The president of Ditch Witch of Charlotte, Inc. also submitted an affidavit on defendant's behalf. According to the affidavit, two trenchers were sold by Ditch Witch of Charlotte, Inc. to Taylor Rental Center. The affidavit states that the belt guard was in place and bolted to each machine when they were sold. This forecast of evidence shows that the belt guard was in place when it left the manufacturer's control. Failure to replace the belt guard after removing it for maintenance or any other reason was not in accordance with defendant manufacturer's instructions. In fact, defendant manufacturer warned against such operating practices.

In order to overcome this forecast of evidence, plaintiff must demonstrate that there was a genuine issue for trial with regard to whether the removal of the belt guard occurred before the trenching machine left the manufacturer. Plaintiff did not present any evidence to show that the belt guard was not in place when it left the manufacturer's control. His evidence tended to show only that when he picked up the trencher at Taylor Rentals the belt guard was not attached to the machine. By his own deposition testimony plaintiff admits that had the belt guard not been removed, his hand would not have been pulled into the machine.

When, as here, the forecast of evidence demonstrates that a proximate cause of plaintiff's injury was the modification or alteration of the machine by a party other than the manufacturer after it left the control of the manufacturer; and that the alteration of the machine was contrary to the instructions of the manufacturer and done without its express consent, then G.S. § 99B-3 bars recovery from the manufacturer. The trial court's grant of summary judgment was therefore proper in this case.

Affirmed.

Judges EAGLES and GREENE concur.