VERONICA A. HASTINGS, Guardian ad Litem for MARQUITA PRATT, Plaintiff-Appellant v. THE SEEGARS FENCE COMPANY, Defendant-Appellee

No. COA96-1387

(Filed 16 December 1997)

## 1. Courts § 84 (NCI4th)— denial of summary judgment—second motion—same issue—preclusion of entry by second judge

In an action to recover for personal injuries received by the minor plaintiff while playing on a gate constructed by defendant on school grounds, a superior court judge's denial of defendant's motion for summary judgment precluded a second judge from thereafter entering summary judgment in favor of defendant, although the second judge considered depositions which had not been before the first judge, where the legal issues raised by the pleadings remained the same; the allegation in defendant's answer prior to the first motion that the minor plaintiff was contributorily negligent by engaging in horseplay on the gate was sufficient to raise the N.C.G.S. § 99B-3 defense relied upon by defendant as the basis for its second motion that the minor plaintiff used the gate in a manner for which it was not designed or intended; the issue of the manner in which the minor plaintiff used the gate was thus before the first judge; and the first judge's denial of summary judgment was conclusive upon the issue.

## 2. Products Liability § 21 (NCI4th)— minor plaintiff—injury on gate—use in manner not intended—summary judgment improper

In an action to recover for personal injuries (crushed fingers) received by the eight-year-old plaintiff while playing on a gate constructed by defendant on school grounds, summary judgment was improperly entered for defendant on the ground that the minor plaintiff used the gate in a manner for which it was not designed or intended, N.C.G.S. § 99B-3, since issues of foreseeability and proximate cause were for the jury to determine.

**HASTINGS v. SEEGARS FENCE CO.**

[128 N.C. App. 166 (1997)]

Appeal by plaintiff from order entered 29 July 1996 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 9 September 1997.

*McLawhorn & Associates, by Charles L. McLawhorn, Jr., and Robert Marc Rubin, for plaintiff-appellant.*

*Barber & Associates, P.A., by Timothy C. Barber and Andrew H. D. Wilson, for defendant-appellee.*

MARTIN, John C., Judge.

Plaintiff, who is the mother of and guardian *ad litem* for the minor plaintiff, brought this action against defendant Seegars Fence Company and the Pitt County School Board to recover compensatory and punitive damages for personal injuries to the minor plaintiff and for emotional distress to both plaintiff and the minor plaintiff allegedly caused by negligence and gross negligence on the part of defendants. The injuries were alleged to have occurred on 15 May 1993 when the minor plaintiff, an eight-year-old child, was playing on a fence and gate constructed by defendant Seegars on school grounds belonging to the Pitt County School Board. Plaintiff subsequently submitted to a voluntary dismissal of her claims against the Pitt County School Board. Defendant Seegars answered, denying plaintiff's allegations of negligence and alleging the child's contributory negligence as a bar to plaintiff's recovery. After discovery, defendant Seegars moved for summary judgment.

Defendant's motion for summary judgment was heard by Judge James E. Ragan, III, at the 25 September 1995 civil session of the Pitt County Superior Court. The pleadings, affidavits, and discovery materials before Judge Ragan tended to show, in summary, that in November 1990 defendant Seegars installed a fence and gates at the playground of the Third Street School in Greenville, N.C. One of the gates was a twenty-foot horizontal cantilevered gate attached to rollers on the top and bottom; the gate is moved horizontally along the rollers to open and close the fence. On 15 May 1993, the minor plaintiff was playing on the gate. While she was hanging onto the top of the gate, another child pushed on it causing it to roll. Two of the minor plaintiff's fingers became caught in the gate roller, crushing them and resulting in their amputation. Plaintiff's expert witness stated by affidavit that it was his opinion that the gate mechanism was defective and unreasonably dangerous in that it had no guard device over the roller mechanism. By order dated 25 October 1995,

Judge Ragan granted defendant Seegars' motion for summary judgment as to plaintiff's claims for infliction of emotional distress, but denied summary judgment with respect to the minor plaintiff's claims for damages for personal injuries.

On 11 June 1996, after additional discovery, defendant Seegars filed motions to dismiss pursuant to G.S. § 1A-1, Rule 12(b)(6), for judgment on the pleadings pursuant to 12(c), and for summary judgment pursuant to G.S. § 1A-1, Rule 56. These motions were heard at the 8 July 1996 civil session of the Pitt County Superior Court by Judge W. Russell Duke, Jr. In an order dated 29 July 1996, Judge Duke concluded "that there exists an independent basis to allow each of Defendant's motions, . . .", granted each of the motions, and dismissed plaintiff's action. Plaintiff gave timely notice of appeal from Judge Duke's order.

_____

[1] The primary issue is whether Judge Ragan's 25 October 1995 order denying defendant's motion for summary judgment as to the minor plaintiff's claim for personal injury precluded Judge Duke from granting defendant's subsequent motion and dismissing the action. We hold that it did, and reverse.

Initially we note that although defendant ostensibly filed its second motion pursuant to Rules 12(b)(6) and 12(c), and alternatively pursuant to Rule 56, Judge Duke's order explicitly states that he considered depositions and other matters in addition to the pleadings. Therefore, notwithstanding Judge Duke's assertion of "an independent basis to allow each of Defendant's motions . . .", the disposition of the motion, and our review thereof, is as provided solely by Rule 56. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1967); N.C. Gen. Stat. § 1A-1, Rule 12(c) (1967).

The general rule is well-established that one trial judge " 'may not reconsider and grant a motion for summary judgment previously denied by another judge.' " *Iverson v. TM One, Inc.*, 92 N.C. App. 161, 164, 374 S.E.2d 160, 163 (1988) (quoting *Smithwick v. Crutchfield*, 87 N.C. App. 374, 361 S.E.2d 111 (1987)); *Asheville Contracting Co. v. City of Wilson*, 62 N.C. App. 329, 303 S.E.2d 365 (1983); *Biddix v. Construction Corp.*, 32 N.C. App. 120, 230 S.E.2d 796 (1977). A second motion for summary judgment may be considered by the trial court only when it presents legal issues different from those raised in the earlier motion. *Asheville Contracting Co., supra; Carr v. Great Lakes Carbon Corp.*, 49 N.C. App. 631, 272 S.E.2d 374 (1980), *disc.*

*review denied,* 302 N.C. 217, 276 S.E.2d 914 (1981). In the present case, defendant argues that its second motion was based upon the defense contained in G.S. § 99B-3, which had not been before the court at the time of the previous hearing. We do not agree, notwithstanding the recitation in Judge Duke's order that "G.S. 99B-3 has not been the subject of a previous motion . . . ."

Although the materials before Judge Duke at the hearing on defendant's second motion included depositions which had not been before Judge Ragan when he denied defendant's first motion for summary judgment, the legal issues raised by the pleadings remained the same. Defendant's amended answer, which had been filed prior to the initial summary judgment motion and had not since been further amended, alleged the minor plaintiff's contributory negligence "by engaging in horseplay on the fence and cantilevered gate . . . ." This pleading was sufficient to raise the defense provided by G.S. § 99B-3, upon which defendant based its second motion, that the minor plaintiff "used the fence in a manner other than as it was originally designed, tested, or intended by the manufacturer to be used, i.e. she played on the fence and used it as a toy." The depositions offered at the hearing on the second motion disclosed, as had been disclosed in the pleadings and in the materials considered by Judge Ragan in ruling on defendant's first motion for summary judgment, that the minor plaintiff had been injured while playing on the gate. Thus, the issue of the manner in which the minor plaintiff used the fence and gate was before Judge Ragan at the hearing of defendant's first motion for summary judgment and his denial of summary judgment was conclusive upon the issue, precluding Judge Duke from thereafter granting summary judgment on that same issue.

[2] Moreover, even if defendant's second motion had been properly before Judge Duke for decision, summary judgment in this case was error. G.S. § 99B-3 provides, in pertinent part:

Alteration or modification of product.

(a) No manufacturer or seller of a product shall be held liable in any product liability action where a **proximate cause** of the personal injury, . . . was either an alteration or modification of the product by a party other than the manufacturer, . . . .

. . .

(b) For the purposes of this section, alteration or modification includes changes in the design, formula, function, or **use** of the

product from that **originally** designed, tested, or **intended** by the manufacturer. . . .

N.C. Gen. Stat. § 99B-3 (emphasis added). Thus, in order for G.S. § 99B-3 to bar plaintiff's recovery, the minor plaintiff's misuse of the fence and gate must have been a proximate cause of her injury. *See Rich v. Shaw*, 98 N.C. App. 489, 391 S.E.2d 220, *disc. review denied*, 327 N.C. 432, 395 S.E.2d 689 (1990).

Foreseeability of some injurious consequence of one's act is an essential element of proximate cause, though anticipation of the particular consequence is not required. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). While the usual test is whether "a person of ordinary prudence could have reasonably foreseen . . ." some injurious result from the unintended use of the product, *id.* at 107, 176 S.E.2d at 169; where, as in the present case, the actions of a minor child are at issue, the test of foreseeability is whether a child of similar "age, capacity, discretion, knowledge, and experience" could have foreseen some injurious result from his or her use of the product. *See Hoots v. Beeson*, 272 N.C. 644, 159 S.E.2d 16 (1968) (standard of care applicable to minor between ages of 7 and 14 years). Issues of proximate cause and foreseeability, involving application of standards of conduct, are ordinarily best left for resolution by a jury under appropriate instructions from the court. *See Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975). We hold this rule especially applicable where the conduct of a minor child is at issue.

Summary judgment is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and Remanded.

Judges EAGLES and TIMMONS-GOODSON concur.