Levin v. Jacobson, 2016 NCBC 64.

STATE OF NORTH CAROLINA

WAKE COUNTY

ERIC LEVIN, HOWARD SHAREFF,
SHAREFF & ASSOCIATES, DDS
PA, individually and derivatively in
the right of LAKEBOUND FIXED
RETURN FUND, LLC, and
SILVERDEER OLDE LIBERTY,
LLC,

Plaintiffs,

v.

HOWARD A. JACOBSON, CILPS
ACQUISITION LLC, and
PROVINCE GRANDE OLDE
LIBERTY LLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
10 CVS 12062

**ORDER AND OPINION AMENDING
SUMMARY JUDGMENT ORDER**

1. **THIS MATTER** is before the Court (i) *sua sponte* and pursuant to N.C. R. Civ. P. 60 for the Court's reconsideration of its Order and Opinion on Motions for Summary Judgment, *Levin v. Jacobson*, 2015 NCBC LEXIS 111 (N.C. Super. Ct. Dec. 7, 2015) (hereinafter, the "Summary Judgment Order"); and (ii) upon Plaintiffs Eric Levin, Howard Shareff, and Shareff & Associates, DDS PA, individually and derivatively in the right of Lakebound Fixed Return Fund, LLC and SilverDeer Olde Liberty, LLC's (collectively, "Plaintiffs") Motion to Reconsider (the "Motion to Reconsider") in the above-captioned case.

> *Parry Tyndall White, by James C. White and Michelle M. Walker, for Plaintiffs Eric Levin, Howard Shareff, and Shareff & Associates, DDS PA, individually and derivatively in the right of Lakebound Fixed Return Fund, LLC and SilverDeer Olde Liberty, LLC.*
>
> *Robinson Elliott and Smith, by William C. Robinson, and Katherine Armstrong, for Defendant Province Grande Olde Liberty LLC.*

*Howard A. Jacobson, for Defendants Howard A. Jacobson and CILPS Acquisition LLC.*

Bledsoe, Judge.

## I.

## BACKGROUND

2.     As explained in the Summary Judgment Order, this action was originally filed in August 2010 and involves a lengthy and intricate procedural history.  At the time the summary judgment motions were filed and briefed, our state's Limited Liability Act was codified in Chapter 57C of the North Carolina General Statutes, and the parties briefed and argued the motions under that Chapter.  In 2013, the General Assembly repealed Chapter 57C and replaced it with Chapter 57D, effective January 1, 2014.  *See* N.C. Gen. Stat. § 57D-11-01.  Chapter 57D specifically provides that "any proceeding commenced before January 1, 2014, may be completed with the law then in effect,"  N.C. Gen. Stat. § 57D-11-03(b), and the Court in the Summary Judgment Order elected to apply Chapter 57C in light of the parties' extensive briefing under that chapter, *Levin*, 2015 NCBC LEXIS 111, at *13–14 n.3.

3.     In the Summary Judgment Order, the Court granted in part and denied in part the parties' cross-motions for summary judgment.  The Court dismissed several of Plaintiffs' claims and denied summary judgment as to Plaintiffs' derivative claims for breach of fiduciary duty, constructive fraud,  and conversion, and Plaintiffs' demand for a constructive trust and accounting.   *Levin*, 2015 NCBC LEXIS 111, at *35.

4.      Plaintiffs contend that Defendant Howard A. Jacobson ("Jacobson") owed a fiduciary duty to Plaintiff Lakebound Fixed Return Fund, LLC ("Lakebound") as the alleged manager of Lakebound. The Court determined as a matter of law that Lakebound's manager owed a fiduciary duty to Lakebound. The Court denied Defendants' motion for summary judgment on the derivative breach of fiduciary duty claim because the Court concluded that there existed a genuine issue of material fact concerning whether Jacobson was in fact a manager of Lakebound. *Id.* at *23–24.

5.      The parties did not dispute that Lakebound's Operating Agreement identified SilverDeer Management as Lakebound's manager. Nevertheless, the Court was persuaded at that time that there existed a genuine issue of material fact concerning whether Jacobson was Lakebound's manager because Lakebound's 2009 Annual Report filed with the Secretary of State identified Jacobson as Lakebound's manager. In its briefs on the motions for summary judgment, Plaintiffs directed the Court's attention to statutory language that

> [a]ny person dealing with a limited liability company or a foreign limited liability company may rely conclusively upon its most recent annual report and any amendments to it on file with the Secretary of State as to the identity of its managers, except to the extent the person has actual knowledge that a person identified therein as a manager is not a manager.

N.C. Gen. Stat. § 57C-3-25(a) (2012). The Court reasoned that, on the basis of section 57C-3-25(a), the conflict between the Operating Agreement and the 2009 Annual Report created a genuine issue of material fact such that Plaintiffs were entitled to present evidence to the jury that Jacobson was Lakebound's manager. *Id.* at *24. The parties did not address whether section 57C-3-25(a) should be differently applied

to claims by a third-party dealing with an LLC or to claims among the members of an LLC.

6. Plaintiffs premised their derivative claim for constructive fraud on Jacobson's alleged breach of fiduciary duty as Lakebound's purported manager. (Pls.' Br. Supp. Summ. J. 23.) A claim for constructive fraud can only arise "where a confidential or fiduciary relationship exists." *Forbis v. Neal*, 361 N.C. 519, 528, 649 S.E.2d 382, 388 (2007). Reasoning that the filing of the annual report listing Jacobson as Lakebound's manager constituted some evidence that he was, in fact, its manager, the Court denied both summary judgment motions on the derivative claim for constructive fraud. *Levin*, 2015 NCBC LEXIS 111, at *25.

7. The Court has now concluded that the filing of the annual report listing Jacobson as a manager is not competent evidence in an action between Lakebound and its members. It is, therefore, appropriate that the Court amend its earlier order so as to grant summary judgment against Plaintiffs' breach of fiduciary duty and constructive fraud claims.

8. This matter was scheduled for trial on August 29, 2016. In light of the upcoming trial, the Court notified counsel of its intent to issue this order by email on August 23, 2016, and Plaintiffs' counsel filed the Motion to Reconsider on the same day. The Court heard the Motion to Reconsider by telephone on August 24, 2016. Considering the proximity of this order to the scheduled trial date, the Court invited requests for a continuance and, at the request of Plaintiffs' counsel, continued the trial's start date to August 31, 2016.

## II.

## LEGAL STANDARD

9.   N.C. R. Civ. P. 60(a) permits a judge to correct, upon his or her own initiative, "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission."  Under this rule, the trial court generally cannot make modifications to an order or judgment which affect the substantial rights of a party. *Spencer v. Spencer*, 156 N.C. App. 1, 10–11, 575 S.E.2d 780, 786 (2003).  Nevertheless, our appellate case law indicates that a trial court judge has the authority to reconsider his or her own summary judgment ruling. *See Miller v. Miller*, 34 N.C. App. 209, 237 S.E.2d 552 (1977).  In *Miller*, the defendant filed a motion for summary judgment in a proceeding seeking the partition of a tenancy by the entirety. *Id.*, 34 N.C. App. at 209, 237 S.E.2d at 552.  The trial court denied the motion for summary judgment on March 2, 1976 and then struck its order and granted summary judgment on September 14, 1976. *Id.*  The Court of Appeals rejected the plaintiff's argument that the trial court erred in reversing its own summary judgment ruling, holding that "[a]n order denying summary judgment is not *res judicata* and a judge is clearly within his rights in vacating such a denial." *Miller v. Miller*, 34 N.C. App. 209, 212, 237 S.E.2d 552, 555 (1977).

10.   The Court of Appeals has reaffirmed this principle in later cases.  "*Miller* presented the question whether a judge who rules on a motion for summary judgment may thereafter strike the order, rehear the motion for summary judgment, and allow the motion.  Such procedure does not involve one judge overruling another, and is

proper under Rule 60." *Carr v. Great Lakes Carbon Corp.*, 49 N.C. App. 631, 635, 272 S.E.2d 374, 377 (1980). *See also Barnes v. Taylor*, 148 N.C. App. 397, 400, 559 S.E.2d 246, 248 (2002) (citing Rule 60 as a "grand reserve of equitable power" to hold that "the trial court had authority to set aside its earlier judgment on its own initiative.")

11. A party's motion brought under Rule 60(b) is addressed to the sound discretion of the trial court and will not be disturbed absent a showing of abuse.

III.

ANALYSIS

12. Upon further consideration, and in preparation for the upcoming trial, the Court has concluded that its prior Summary Judgment Order did not fully appreciate the necessary relationship between Plaintiffs' derivative claims and section 57C-3-25(a). As derivative claims, the plaintiff in interest is Lakebound itself, rather than the individual investors asserting the derivative claims on Lakebound's behalf. After further reflection, the Court concludes that Lakebound is not "any person dealing with a limited liability company" within the scope of section 57C-3-25(a), because Lakebound is the very limited liability company at issue. The only case that this Court has found construing section 57C-3-25(a) takes a similar view, stating in a footnote that the statute "allows *third parties* dealing with a limited liability company" to rely upon an annual report. *Peak Coastal Ventures, L.L.P. v. SunTrust Bank*, 2011 NCBC LEXIS 13, at \*14 n.4 (N.C. Super. Ct. May 5, 2011) (emphasis added).

13. That is, section 57C-3-25(a) was intended to embody a notion of apparent authority, which generally would have no application to members of an LLC who are charged with knowledge of contrary provisions in an operating agreement to which they are parties. *See Heath v. Craighill, Rendleman, Ingle & Blythe, P.A.*, 97 N.C. App. 236, 242, 388 S.E.2d 178, 182 (1990) ("Under the doctrine of apparent authority, a principal's liability . . . must be determined by what authority the third person . . . was justified in believing that the principal had . . . conferred upon his agent."); *Munn v. Hamount Rehab. & Nursing Ctr., Inc.*, *Biesecker v. Biesecker*, 62 N.C. App. 282, 285, 302 S.E.2d 826, 828–29 (1983) ("[A] person signing a written instrument is under a duty to read it for his own protection, and ordinarily is charged with knowledge of its contents.") (citation omitted).

14. Furthermore, in preparing for the trial of these claims, it has come to the Court's attention that Chapter 57D provides that:

> In the event of a conflict between the operating agreement and a provision in any document of an LLC filed by the Secretary of State:
> (1) The operating agreement shall prevail as to parties to the operating agreement and company officials.
> (2) The document filed by the Secretary of State shall prevail as to persons who are not parties to the operating agreement and are not company officials to the extent that they reasonably rely on the document filed by the Secretary of State.

N.C. Gen. Stat. § 57D-2-30(d) (2014). The Court need not apply Chapter 57D to this action, but it is consistent with this Court's present view that section 57C-3-25(a) should be read restrictively so that the filing of an annual report listing a manager for an LLC inconsistently with the LLC's operating agreement should only be potential evidence of that listed manager's fiduciary duty in actions brought by non-

members and non-signatories to the LLC's operating agreement. That is, the section's intent is in the nature of embodying a doctrine of apparent authority, and that doctrine is not appropriately applied in a claim by a member who has, or is deemed to have, knowledge of the operating agreement. Otherwise, a member would be allowed to ignore his own contractual agreement. Under the Court's present understanding of section 57C-3-25(a), Plaintiffs are bound to the Operating Agreement, which identifies SilverDeer Management as Lakebound's manager.

15. Alternatively, the Court concludes that it would be proper to apply Chapter 57D to this case, and if it does so, it is clear that Chapter 57D would compel a finding that Plaintiffs have failed in their proof of Jacobson's fiduciary duty, as the only evidence on which Plaintiffs rely to prove that duty is the filing of the annual report listing Jacobson as Lakebound's manager.

16. As stated above, a proceeding initiated prior to 2014 "may be completed" under the law then in effect, N.C. Gen. Stat. § 57D-11-03(b), which gives the Court discretion to apply either Chapter 57C or 57D. *See also Davis v. Davis*, 2014 NCBC LEXIS 60, at *8 (N.C. Super. Ct. Nov. 21, 2014) (describing section 57D-11-03(b) as permissive). When presented with two relevant statutes regarding the identity of an LLC's manager, the Court considers it proper to apply the more specific statute. Indeed, such a decision is a logical offshoot of the well-established rule of statutory construction that a specific statute controls over statutes of general application. *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969). Here, section 57D-2-30(d) speaks precisely to the question of whether an

operating agreement or an annual report controls with respect to the identity of an LLC's manager. Accordingly, it would be proper for the Court to apply Chapter 57D. Applying section 57D-2-30(d) here, the statute mandates that Lakebound's Operating Agreement "shall prevail" over the 2009 Annual Report when relied upon by these Plaintiffs for the identity of Lakebound's manager.

17. In sum, the Court concludes that its Summary Judgment Order was improvidently entered and should be amended, whether summary judgment is decided under either Chapter 57C or Chapter 57D.

18. In their Motion to Reconsider, Plaintiffs argue that the Court should apply only section 57C-3-25(a) because this action, the motion for summary judgment, and the summary judgment briefs were all filed when Chapter 57C was in effect, and Plaintiffs may have advanced different evidence if the Court intended to apply Chapter 57D. While the Court is in one sense sympathetic to Plaintiffs' argument, the argument belies that the parties were given an opportunity to address any change in law between the briefing of the motions when the case was pending before Judge Jolly and the time at which the case was transferred to the undersigned in early 2015. Recognizing that the summary judgment motions had been filed in 2012 and 2013, the Court, in a March 3, 2015 order, gave the parties leave to file supplemental briefs "to bring new matters or new case law to the Court's attention that could not have been raised prior to the completion of briefing on Plaintiffs' Motion for Summary Judgment on May 15, 2012." Order and Notice of Hearing, *Levin v. Jacobson*, No. 10 CVS 12062 (N.C. Super. Ct. March 3, 2015). For that reason, the Court believes that

Plaintiffs were fairly on notice that the Court's summary judgment ruling could have applied either Chapter 57C or Chapter 57D.

19.   Plaintiffs argue in turn that there is still a genuine issue of material fact regarding Lakebound's manager because section 57D-2-30(d) merely creates a rebuttable presumption that an operating agreement trumps an annual report and that Plaintiffs are entitled to bring forward evidence that the annual report accurately reflects the identity of Lakebound's manager.  Under the facts of record, however, the Court need not decide whether Plaintiffs' proposed interpretation is correct.  The 2009 Annual Report was the only evidence in the summary judgment record to demonstrate that Jacobson was Lakebound's manager.  The Court concludes this evidence is not sufficient proof of Jacobson's fiduciary duty either under section 57C-3-25(a) properly applied or under section 57D-2-30(d) as a matter of law.

20.   As a result, the Court concludes that there is not a genuine issue of material fact regarding whether Jacobson was Lakebound's manager and thus owed Lakebound fiduciary duties.  Plaintiffs' derivative claim for breach of fiduciary duty must be dismissed with prejudice.   Likewise, Plaintiffs' derivative claim for constructive fraud rests solely on the alleged fiduciary duty that Jacobson owed to Lakebound as its purported manager, and Plaintiffs do not otherwise argue that Jacobson had some other confidential relationship with Lakebound.  Accordingly, Plaintiffs' derivative claim for constructive fraud must also be dismissed with prejudice.

21. While the Court has concluded that the same result would obtain under either Chapter 57C or Chapter 57D, the Court addresses Plaintiffs' argument that Chapter 57D should not be applied because "the repeal of the former Chapter 57C of the General Statutes shall not affect any liability or penalty incurred under the provisions of that Chapter prior to its repeal." N.C. Gen. Stat. § 57D-11-03(a). That language, however, does not apply to the situation before the Court. The Court's Summary Judgment Order was not a "liability or penalty incurred" by any party; it was a determination at that time that the parties' evidence created a genuine issue of material fact. Furthermore, the phrase "incurred under the provisions of that Chapter prior to its repeal" indicates to the Court that this language speaks to a more specific situation in which a judgment or penalty was entered under Chapter 57C and the liable party later seeks to argue that the repeal of Chapter 57C voids the judgment or penalty. Section 57D-11-03 on the whole makes it clear that the Court can apply Chapter 57D retroactively. In addition to the permissive language already discussed in subpart (b), subparts (c) and (e) allow courts to apply Chapter 57D to events occurring prior to 2014.

22. Accordingly, for the reasons stated above, the Court denies Plaintiff's motion to reconsider.

IV.

CONCLUSION

23. **WHEREFORE**, for the reasons stated herein, the Court, in the exercise of its discretion, hereby **AMENDS** its Summary Judgment Order and **DISMISSES** with

prejudice Plaintiffs' derivative claims for breach of fiduciary duty and constructive fraud. The Court, in the exercise of its discretion, **DENIES** Plaintiffs' Motion to Reconsider. This Order does not alter the Summary Judgment Order in any other respect, and those provisions remain unchanged and unaffected by this Order.

    **SO ORDERED**, this the 25th day of August, 2016.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases