WILLIAM MICHAEL HUFFAKER v. AUGUSTUS HOLLEY AND WIFE, HAZEL T. HOLLEY, INDIVIDUALLY AND AS ATTORNEY IN FACT FOR WILLIAM B. LOTT AND WIFE, FANNIE T. LOTT, AND WILLIAM HENRY TERRY AND WIFE, DOROTHY B. TERRY; AND WILLIAM B. LOTT AND WIFE, FANNIE T. LOTT, AND WILLIAM HENRY TERRY AND WIFE, DOROTHY B. TERRY

No. 929SC789

(Filed 7 September 1993)

**Courts § 84 (NCI4th) — denial of summary judgment by one judge — rehearing by another judge — absence of authority to rule on motions**

A superior court judge had no authority to enter partial summary judgment for plaintiff on one issue and summary judgment for defendants on all other issues in an action to compel specific performance of a contract for the sale of land after another superior court judge had denied summary judgment for both parties and the parties brought the same matter, with no new or additional issues, before the second judge. It is irrelevant that the parties "stipulated and agreed" that the second judge could rehear the motions since their consent could not bestow authority the judge did not otherwise have.

**Am Jur 2d, Courts § 87 et seq.**

Appeal by plaintiff from order entered 27 April 1992 by Judge Robert H. Hobgood in the Vance County Superior Court. Heard in the Court of Appeals 10 June 1993.

Plaintiff instituted this action by complaint filed 7 June 1989, alleging, *inter alia*, that defendants had agreed to sell a parcel of land located in Williamsboro Township, Vance County to plaintiff. Plaintiff sought to compel specific performance of the alleged contract for the sale of land. On 6 September 1989, defendants filed answers and counterclaims which alleged, *inter alia*, that the contract for the sale of land was void and unenforceable under N.C. Gen. Stat. § 22-2 (1986), the statute of frauds, and that plaintiff had engaged in unfair and deceptive trade practices as defined by N.C. Gen. Stat. § 75-1.1 (1988).

On 23 January 1990, defendants filed motions for summary judgment, alleging that the statute of frauds barred any recovery by plaintiff. On 9 April 1991, plaintiff filed a motion for partial summary judgment on the ground that there was no genuine issue

of material fact as to plaintiff's entitlement to specific performance of the contract. On 18 June 1991, Judge Robert L. Farmer (Judge Farmer) entered an order denying summary judgment for both parties. Thereafter, with the consent of both parties, Judge Robert H. Hobgood (Judge Hobgood) heard the motions for summary judgment again and, on 27 April 1992, granted summary judgment for plaintiff on defendants' allegation of unfair and deceptive trade practices, granted summary judgment in favor of defendants on all other issues, and dismissed the action. From this order, plaintiff appeals.

*Perry, Kittrell, Blackburn & Blackburn, by William L. Griffin, Jr., for plaintiff-appellant.*

*C.C. Malone, Jr. for defendants-appellees.*

McCRODDEN, Judge.

In plaintiff's appeal, he contends that Judge Hobgood erred in awarding summary judgment for defendants and in denying his motion for partial summary judgment. The decisive question of the appeal, however, is whether, after Judge Farmer had denied the parties' respective motions for summary judgment, Judge Hobgood had the authority to grant partial summary judgment for plaintiff on the issue of unfair and deceptive trade practices and summary judgment for defendants on all other issues. We find that he did not.

North Carolina adheres to the rule that one superior court judge may not overrule the order of another superior court judge previously made in the same case on the same issue. *Carr v. Carbon Corp.*, 49 N.C. App. 631, 632-33, 272 S.E.2d 374, 376 (1980), *disc. review denied*, 302 N.C. 217, 276 S.E.2d 914 (1981). In ruling on a motion for summary judgment, the court must decide as a matter of law whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law, N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990), and such ruling is determinative as to the issue presented. *Carr*, 49 N.C. App. at 633, 272 S.E.2d at 376. There may be more than one motion for summary judgment in a lawsuit, but the second motion will be appropriate only if it presents legal issues that are different from those raised in the earlier motion. *Id.* at 635, 272 S.E.2d at 377. This Court has previously stated that "[t]he conservation of judicial manpower and the prompt disposition of cases are strong arguments against allow-

ing repeated hearings on the same legal issues. The same considerations require that alleged errors of one judge be corrected by appellate review and not by resort to relitigation of the same issue before a different trial judge." *Id.* at 636, 272 S.E.2d at 378.

In the instant case, by order dated 18 June 1991, Judge Farmer denied both plaintiff's motion for partial summary judgment and defendants' motions for summary judgment. Thereafter, the parties brought the same matter, with no new or additional issues, before Judge Hobgood. Under these circumstances, we are compelled to find that Judge Hobgood had no authority to rule on these motions. It is irrelevant that plaintiff and defendants "stipulated and agreed" that Judge Hobgood could rehear the motions; their consent cannot bestow authority the judge does not otherwise have.

Accordingly, we vacate the 27 April 1992 order of summary judgment and remand this case to Vance County Superior Court.

Vacated and remanded.

Judges EAGLES and LEWIS concur.