HAROLD DEAN VENABLE AND STATE OF NORTH CAROLINA, EX REL., HAROLD DEAN VENABLE, PLAINTIFFS-APPELLANTS V. C.D. VERNON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF ROCKINGHAM COUNTY, NORTH CAROLINA AND U.S. FIDELITY & GUARANTY COMPANY, DEFENDANTS-APPELLEES

No. COA03-230

(Filed 17 February 2004)

**Public Officers and Employees— deputy sheriff—wrongful discharge**

The trial court did not err in an action arising out of the alleged wrongful discharge of a deputy sheriff by granting summary judgment in favor of defendants, because: (1) defendants met their burden to demonstrate that plaintiff was fired on grounds unrelated to politics in order to shift the burden to plaintiff; and (2) plaintiff's evidence to support his claim is based solely on his deposition that asserted he was subjected to political coercion, which amounted to mere conjecture.

Appeal by plaintiff[1] from an order entered 20 November 2002 by Judge W. Douglas Albright in Superior Court, Rockingham County. Heard in the Court of Appeals 19 November 2002.

*Smith, James, Rowlett & Cohen, LLP, by Seth R. Cohen, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by James R. Morgan, Jr., for defendants-appellees.*

*Hafer & Caldwell, P.A., by Edmond W. Caldwell, Jr., for North Carolina Sheriffs' Association, amicus curiae.*

McGEE, Judge.

Plaintiff appeals from summary judgment granted in favor of defendants. Plaintiff brought this civil action seeking to recover damages from C.D. Vernon (defendant Vernon), individually and as Sheriff of Rockingham County, and from U.S. Fidelity & Guaranty Company as surety upon the official bond of defendant Vernon.

---

1. Under N.C. Gen. Stat. § 58-76-5 (2003), "every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff . . . may institute a suit or suits against said officer or any of them and their sureties upon their respective bonds for the due performance of their duties in office in the name of the State . . . ." Thus, the State of North Carolina is listed as a plaintiff in this case. However, in an effort to simplify matters, we will refer to plaintiff in the singular, indicating only Harold Venable.

Defendant Vernon terminated plaintiff's employment as a deputy sheriff with a position title of detective with the Rockingham County Sheriff's Department (the Department) effective 15 July 1994. At that time, defendant Vernon also terminated the employment of six other deputy sheriffs. Plaintiff had been employed as a deputy sheriff by the Department since February 1990.

According to defendant Vernon, he dismissed plaintiff because plaintiff's job performance was unsatisfactory. Defendant Vernon's decision was based in part on Captain Gene Nelson's (Captain Nelson) assessment of plaintiff's performance. In a performance appraisal conducted on 11 March 1994 by the Department, plaintiff was rated "below expectations" in four out of twenty-two categories, resulting in a performance grade of 2.87. An employee who met expectations in all categories received a performance grade of 3.0. At the time of plaintiff's assessment, the average performance grade of appointees and employees of the Department was 3.42. Plaintiff was one of only two appointees or employees, and the only detective, in the Department to receive an average performance grade below the "meeting expectations" mark.

Captain Nelson wrote a "memorandum to the file" on 3 June 1992, detailing a conversation he had with plaintiff regarding plaintiff's "continued tardiness on recontacts and poor arrest record." In a memorandum to plaintiff from Captain Nelson dated 14 October 1993, Captain Nelson emphatically stated that when he directed plaintiff to perform an assignment such as to check on the possible location of a fugitive, plaintiff was to attend to that assignment immediately. Plaintiff received a written reprimand on 15 November 1993 from Sergeant Wayne Wright (Sergeant Wright), for failing to immediately investigate a case of sex abuse involving a juvenile. Another memorandum to plaintiff from Captain Nelson dated 8 March 1994 listed cases assigned to plaintiff that remained outstanding and included the admonishment that "Sheriff Vernon requires the assigned [d]etective to recontact the victim within [seven] days. Two of the above cases are from January! Get these late reports caught up immediately!"

Plaintiff alleges he was wrongfully discharged from his position as deputy sheriff for political reasons, which he contends is a violation of public policy. Plaintiff testified at his deposition that he was repeatedly subjected to political pressure from others within the Department, with the exception of defendant Vernon, to support defendant Vernon in the Democratic primary and in his 1994

reelection campaign. Plaintiff stated that Sergeant Wright and Captain Nelson routinely referred to him as "Sam's boy," a reference to Sam Page, a friend of plaintiff's and former co-worker in the Department, who ran against defendant Vernon in the 1994 primary. According to plaintiff, Sergeant Wright, along with other detectives, suggested plaintiff should remove Sam Page's campaign sign from a location across the street from the church at which plaintiff's father was the pastor.

Sheriff Vernon's campaign manager stipulated that fifty-six of the one hundred appointees and employees of the Department contributed money to defendant Vernon's 1994 reelection campaign. Three of the seven individuals discharged by defendant Vernon in July 1994 contributed money to the campaign. Thirty of the Department's appointees and/or employees neither contributed to nor worked the polls during the campaign, and twenty-six of those thirty individuals were not terminated in July 1994.

Plaintiff initially filed an action in the United States District Court for the Middle District of North Carolina seeking monetary damages and reinstatement to his position within the Department. Plaintiff stipulated to the dismissal of his federal lawsuit and subsequently filed a complaint in state court asserting he was wrongfully discharged in violation of N.C. Gen. Stat. § 153A-99 and the North Carolina Constitution, in addition to a claim under defendant Vernon's official sheriff's bond. The trial court granted defendants' motion for summary judgment on or about 20 November 2002. Plaintiff appeals.

"The party moving for summary judgment must establish the lack of any triable issue by showing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Garner v. Rentenbach Constructors, Inc.*, 350 N.C. 567, 572, 515 S.E.2d 438, 441 (1999) (quoting *Branks v. Kern*, 320 N.C. 621, 623, 359 S.E.2d 780, 782 (1987)); N.C. Gen. Stat. § 1A-1, Rule 56 (2003). An issue is genuine "if it is supported by substantial evidence." *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002). "A genuine issue of material fact is of such a nature as to affect the outcome of the action." *Salter v. E & J Healthcare, Inc.*, 155 N.C. App. 685, 689, 575 S.E.2d 46, 49 (2003) (quoting *Johnson v. Trustees of Durham Tech. Cmty. Coll.*, 139 N.C. App. 676, 681, 535 S.E.2d 357, 361, *disc. review denied*, 353 N.C. 265, 546 S.E.2d 102 (2000)).

In order to prevail on a motion for summary judgment, the moving party must prove that an "essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim[.]" *Collingwood v. G. E. Real Estate Equities,* 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). Once the moving party has met that burden, the non-moving party must produce a forecast of evidence sufficient to demonstrate that a *prima facie* case will be established at trial. *Prior v. Pruett,* 143 N.C. App. 612, 617, 550 S.E.2d 166, 170 (2001), *disc. review denied,* 355 N.C. 493, 563 S.E.2d 571 (2002). All evidence, including any inference therefrom, is to be considered in the light most favorable to the non-moving party. *Id.*

In North Carolina, "in the absence of an employment contract for a definite period, both employer and employee are generally free to terminate their association at any time and without any reason." *Salt v. Applied Analytical, Inc.,* 104 N.C. App. 652, 655, 412 S.E.2d 97, 99 (1991), *cert. denied,* 331 N.C. 119, 415 S.E.2d 200 (1992). Our Courts and the General Assembly have recognized exceptions to this common law rule. In *Coman v. Thomas Manufacturing Co.,* our Supreme Court recognized that an employee may not be terminated for a reason offensive to public policy.

"While there may be a right to terminate a contract at will for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy. A different interpretation would encourage and sanction lawlessness, which law by its very nature is designed to discourage and prevent."

*Coman,* 325 N.C. 172, 175, 381 S.E.2d 445, 446-47 (1989), (quoting *Sides v. Duke University,* 74 N.C. App. 331, 342, 328 S.E.2d 818, 826, *disc. review denied,* 314 N.C. 331, 333 S.E.2d 490 (1985)). The Court defined "public policy" as the "principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." *Id.*

Plaintiff argues that he is a county employee and therefore is entitled to the protections afforded by N.C. Gen. Stat. § 153A-99. The express purpose of N.C. Gen. Stat. § 153A-99 is "to ensure that county employees are not subjected to political or partisan coercion while performing their job duties[.]" N.C. Gen. Stat. § 153A-99 (2002). In *Vereen v. Holden,* this Court noted that if a county employee was fired due to his political affiliations and activities, "this would con-

travene rights guaranteed by our State Constitution. . . . and the prohibition against political coercion in county employment stated in N.C. Gen. Stat. § 153A-99," hence violating North Carolina public policy. *Vereen*, 121 N.C. App. 779, 784, 468 S.E.2d 471, 475 (1996) (citations omitted), *remanded on other grounds*, 345 N.C. 646, 483 S.E.2d 719 (1997). However, the issue before this Court is whether plaintiff presented sufficient evidence to defeat defendant's motion for summary judgment. We do not determine as to whether plaintiff is a county employee as defined by N.C. Gen. Stat. § 153A-99.

In response to plaintiff's complaint, defendants maintained that plaintiff's dismissal was not politically motivated and instead was based on plaintiff's poor job performance. In an affidavit, Assistant County Manager Ben Neal stipulated to plaintiff's below par performance grade on plaintiff's performance appraisal completed in 1994. Department Staff Sergeants Michael Campbell and Ralph Campbell and Sergeant Cathy Luke stated in affidavits that they did not contribute to or participate in defendant Vernon's 1994 political campaign and that they felt no pressure to act otherwise. Defendant Vernon's 1994 campaign treasurer averred in an affidavit that a little over half the appointees and employees of the Department contributed financially to defendant Vernon's campaign and that three of the six individuals discharged along with plaintiff in July 1994 contributed financially to Sheriff Vernon's reelection campaign. Finally, defendant Vernon asserted at his deposition that plaintiff was fired due to poor performance and not for political reasons.

Defendants, having met their burden to demonstrate that plaintiff was fired on grounds unrelated to politics and therefore no genuine issue of material fact existed, the burden then shifted to plaintiff to establish a forecast of evidence sufficient to support his complaint alleging wrongful discharge. Plaintiff's evidence to support his claim is based solely on his deposition in which he asserted he was subjected to political coercion instigated by Sergeant Wright, Detective Kendrick and Captain Nelson, as well as other employees, of the Department. Plaintiff alleges that they were acting as agents of defendant Vernon. Even after providing plaintiff with all favorable inferences reasonably drawn from the evidence, plaintiff's allegations amount to mere conjecture.

"Although evidence of retaliation in a case . . . may often be completely circumstantial, the causal nexus between protected activity and retaliatory discharge must be something more than speculation." *Lenzer v. Flaherty*, 106 N.C. App. 496, 510, 418 S.E.2d 276, 284, *disc.*

*review denied,* 332 N.C. 345, 421 S.E.2d 348 (1992). "A cause of action must be something more than a guess. A resort to a choice of possibilities is guesswork not decision." *Kinlaw v. Willetts,* 259 N.C. 597, 603-4, 131 S.E.2d 351, 355 (1963) (citations omitted). Where causation is rooted in mere speculation and surmise, "it is insufficient to present a question of causation to the jury." *Ellington v. Hester,* 127 N.C. App. 172, 175, 487 S.E.2d 843, 845, *disc. review denied,* 347 N.C. 397, 494 S.E.2d 409 (1997) (citations omitted).

In the case before us, plaintiff produced insufficient evidence to defeat defendants' motion for summary judgment. Plaintiff provided no indication that should the case proceed, he would be able to produce evidence that his discharge was for any unlawful reason, thereby making a determination as to whether plaintiff is a county employee as defined by N.C. Gen. Stat. § 153A-99 unnecessary. Thus, we find plaintiff's assignment of error number one to be without merit.

Because we conclude that the trial court acted properly in granting summary judgment to defendants, we need not address plaintiff's assignments of error numbers two, three, four, five, and seven. Further, plaintiff has failed to present any argument in support of his assignment of error number six and it is thus deemed abandoned pursuant to N.C.R. App. P. 28(b)(6).

Affirmed.

Judges HUNTER and HUDSON concur.