LINDA F. CARTER, SARA COALSON, AMY DAVIS AND DOROTHY M. HYATT, PLAINTIFFS
v. PAM MARION, IN HER OFFICIAL CAPACITY OF CLERK OF SUPERIOR COURT OF SURRY
COUNTY, DEFENDANT

No. COA06-863

(Filed 5 June 2007)

**1. Trials— mistrial—subsequent grant of summary judgment**

The trial court did not err by concluding that defendant's motion for summary judgment was properly before it in a 42 U.S.C. § 1983 and state constitutional claims case arising out of

defendant clerk of court's decision to not reappoint plaintiffs to their former positions as deputy clerks even though plaintiffs contend defendant's motion presented the same legal issues previously determined by another trial judge in ruling upon defendant's motion for directed verdict at the close of the evidence at trial, because: (1) where the jury is unable to agree on a verdict and the court orders a mistrial and continues the case, the case remains on the civil docket for trial de novo and is unaffected by rulings made during the trial; and (2) the trial court ordered a mistrial, and thus the case subsequent to the mistrial is unaffected by the rulings made during the trial, including the trial court's denial of defendant's motion for a directed verdict.

2. **Civil Rights; Clerks of Court— § 1983 claim—state— deputy clerk position—political affiliation appropriate requirement**

The trial court did not err by granting summary judgment in favor of defendant clerk of court in a 42 U.S.C. § 1983 and state constitutional claims case arising out of defendant's decision to not reappoint plaintiffs to their former positions as deputy clerks, because political affiliation is an appropriate requirement for deputy clerks of superior court when: (1) N.C.G.S. § 7A-102(a) provides that deputy clerks serve at the pleasure of the elected clerk and are appointed by the clerk; (2) the clerk is responsible for the acts of his or her deputies, and N.C.G.S. § 7A-107 requires the clerk and deputy clerks to be bonded; (3) N.C.G.S. § 7A-102(b) provides that with the consent of the clerk and the presiding judge, deputy clerks are authorized to perform all the duties and functions of the office of the clerk in another county in any proceeding that has been transferred to that county from the county in which the deputy clerk is employed; and (4) deputy clerks serve as the public face of the clerk's office, carry out the clerk's policies, and foster public confidence in the office.

Appeal by plaintiffs from order entered 22 March 2006 by Judge Richard L. Doughton in Surry County Superior Court. Heard in the Court of Appeals 21 March 2007.

*David C. Pishko for plaintiff appellants.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Grady L. Balentine, Jr., for defendant appellee.*

CARTER v. MARION

[183 N.C. App. 449 (2007)]

McCULLOUGH, Judge.

Plaintiffs appeal from an order granting defendant's motion for summary judgment. We affirm.

## FACTS

The plaintiffs, Linda F. Carter, Sara Coalson, Amy Davis and Dorothy M. Hyatt, are former deputy clerks in the Office of the Clerk of Superior Court of Surry County. All plaintiffs were initially employed by Pat Coe Todd, who served as Clerk of Superior Court for twelve years until 2002, but decided not to run for re-election in the fall of 2002.

Defendant, Pam Marion ("defendant"), was a candidate for the office of clerk in 2002. Initially, she faced another Assistant Clerk, Patricia Wagoner, in the Democratic primary. Defendant won the primary and proceeded to the general election, which she won, in November 2002. Defendant was scheduled to take office on 2 December 2002. On 27 November 2002, she delivered letters to each of the plaintiffs informing them that their employment as deputy clerks would be terminated as of 2 December 2002, without explanation.

Plaintiffs brought this action against the Clerk of Superior Court, Pam Marion, in both her official and individual capacity on 29 August 2003. Their claims arose out of defendant's decisions to not reappoint them to their former positions as deputy clerks. Plaintiffs alleged defendant infringed upon their rights under the First Amendment to the United States Constitution in violation of 42 U.S.C. § 1983; that defendant violated their rights to free speech under the North Carolina Constitution; and that defendant discharged them in violation of public policy. Plaintiffs sought declaratory relief, compensatory and punitive damages, and reinstatement to their former positions, together with back pay and restoration of benefits.

Defendant moved to dismiss the claims against her pursuant to Rule 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure. The trial court dismissed plaintiffs § 1983 claims against defendant in her individual capacity, their § 1983 monetary claims against her in her official capacity, their state constitutional claims against her in her individual capacity, and their claims for wrongful discharge in violation of public policy. Plaintiffs' § 1983 claims for injunctive relief against defendant in her official capacity and their state constitutional claims against her in her official capacity were left standing. Plaintiffs did not appeal this order.

This matter came on for trial by jury during a 12 December 2005 Special Civil Session of the Superior Court for Surry County. At the close of plaintiffs' evidence, and again at the close of all the evidence, defendant moved for a directed verdict. Both motions were denied. The case went to the jury, and the jury informed the court it was dead-locked and further deliberations would not be productive. Therefore, a mistrial was declared on 20 December 2006.

Subsequently, defendant filed a motion for summary judgment on 3 March 2006. By order dated 22 March 2006, the trial court granted defendant's motion for summary judgment and dismissed the case. Plaintiffs appeal the trial court's granting of summary judgment.

I.

[1] As a threshold issue, plaintiffs contend that defendant's motion for summary judgment was not properly before the trial court. We disagree.

Plaintiffs' argument is that defendant's motion for summary judgment presented the same legal issues previously determined by Judge Trawick in ruling upon defendant's motion for directed verdict at the close of the evidence at trial. Plaintiffs rely on *Huffaker v. Holley,* 111 N.C. App. 914, 433 S.E.2d 474 (1993), which stated that "North Carolina adheres to the rule that one superior court judge may not overrule the order of another superior court judge previously made in the same case on the same issue." *Id.* at 915, 433 S.E.2d at 475.

Although this statement in *Huffaker* is good law, there is other precedent which is more applicable to the instant case. Our Supreme Court has stated that where the jury is unable to agree on a verdict and the court orders a mistrial and continues the case, the case remains on the civil docket for trial *de novo* and is unaffected by rulings made during the trial. *Gillikin v. Mason,* 256 N.C. 533, 534, 124 S.E.2d 541, 542 (1962). Here, the trial court ordered a mistrial, and thus, the case subsequent to the mistrial is unaffected by the rulings made during the trial, including the trial court's denial of defendant's motion for a directed verdict. Accordingly, we disagree with plaintiffs.

II.

[2] Plaintiffs contend the trial court erred in granting defendant's motion for summary judgment as to their claims that their termination (1) violated 42 U.S.C. § 1983 by depriving them of their rights as

guaranteed by the United States Constitution and (2) violated the North Carolina Constitution. We disagree.

Granting summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "There is no genuine issue of material fact where a party demonstrates that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Harrison v. City of Sanford*, 177 N.C. App. 116, 118, 627 S.E.2d 672, 675, *disc. review denied*, 361 N.C. 166, 639 S.E.2d 649 (2006). On appeal from a grant of summary judgment, this Court reviews the trial court's decision *de novo. Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 573-74 (1999). A moving party "has the burden of establishing the lack of any triable issue of fact" and its supporting materials are carefully scrutinized, with all inferences resolved against it. *Kidd v. Early*, 289 N.C. 343, 352, 222 S.E.2d 392, 399 (1976).

With regard to the United States Constitution, the United States Supreme Court, through *Elrod v. Burns*, 427 U.S. 347, 49 L. Ed. 2d 547 (1976) and *Branti v. Finkel*, 445 U.S. 507, 63 L. Ed. 2d 574 (1980), decided that the First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved." *Rutan v. Republican Party*, 497 U.S. 62, 64, 111 L. Ed. 2d 52, 60, *reh'g denied*, 497 U.S. 1050, 111 L. Ed. 2d 828 (1990) (held that it is unconstitutional to base certain employment decisions, involving low-level public employees, on party affiliation and support).

In *Jenkins v. Medford*, 119 F.3d 1156 (4th Cir. 1997), *cert. denied*, 522 U.S. 1090, 139 L. Ed. 2d 869 (1998), the Fourth Circuit United States Court of Appeals decided an analogous issue. In *Jenkins*, the court held that "North Carolina deputy sheriffs may be lawfully terminated for political reasons under the *Elrod-Branti* exception to prohibited political terminations." *Id.* at 1164. The holding was qualified in that the court limited dismissals to those deputies actually sworn to engage in law enforcement activities on behalf of the sheriff. *Id.* at 1165. The court stated that the legislature has made deputy sheriffs at-will employees who " 'serve at the pleasure of the appointing officer.' " *Id.* at 1164 (citation omitted). The court also noted that

deputy sheriffs (1) implement the sheriff's policies; (2) are likely part of the sheriff's core group of advisors; (3) exercise significant discretion; (4) foster public confidence in law enforcement; (5) are expected to provide the sheriff with truthful and accurate information; and (6) are general agents of the sheriff, and the sheriff is civilly liable for the acts of his deputy. *Id.* at 1162-63.

Subsequent to the *Jenkins* decision, the Fourth Circuit United States Court of Appeals decided *Knight v. Vernon*, 214 F.3d 544 (4th Cir. 2000). In *Knight*, the court held that a jailor's political allegiance to the sheriff was not an appropriate requirement for the performance of her job as jailer. *Id.* at 550. In so holding, the court analyzed the specific job duties of the jailor and noted that they are "routine and limited in comparison to those of a deputy sheriff." *Id.* In addition, the court stressed that a deputy sheriff is a sworn officer who is the alter ego of the sheriff, whereas, the authority of a jailor is much more circumscribed. *Id.* Further, the court noted that the jailor was not a confidant of the sheriff, was not involved in communicating the sheriff's policies or positions to the public, and was not entrusted with broad discretion. *Id.*

We determine that political affiliation is an appropriate requirement for deputy clerks of superior court. The duties of deputy clerks as described in the North Carolina General Statutes illustrate the many possible job assignments a deputy clerk may be given. First, like the deputy sheriff, deputy clerks serve at the pleasure of the elected clerk and are appointed by the clerk. N.C. Gen. Stat. § 7A-102(a) (2005). They also take an oath of office prescribed by clerks of superior court. *Id.* In addition

> [a] deputy clerk is authorized to certify the existence and correctness of any record in the clerk's office, to take the proofs and examinations of the witnesses touching the execution of a will as required by G.S. 31-17, and to perform any other ministerial act which the clerk may be authorized and empowered to do, in his own name and without reciting the name of his principal.

N.C. Gen. Stat. § 7A-102(b). Further, the clerk is responsible for the acts of his deputies, *id.*, and the North Carolina General Statutes require the clerk and deputy clerks to be bonded. N.C. Gen. Stat. § 7A-107 (2005). Also, "[w]ith the consent of the clerk . . . [and] the presiding judge . . . , [a] deputy clerk is authorized to perform all the duties and functions of the office of the clerk . . . in another county in any proceeding . . . that has been transferred to that

county from the county in which the . . . deputy clerk is employed."
N.C. Gen. Stat. § 7A-102(b).

The particular job duties of plaintiffs are also telling. Plaintiffs
serve as the public face of the clerk's office and each plaintiff testi-
fied to that effect: Hyatt answered questions at the counter in the
clerk's office and fulfilled information requests, Carter handled
the public, Davis assisted the public, and Coalson aided the public in
filing their small claims cases and scheduled small claims hearings.
In so doing, plaintiffs carry out the clerk's policies and foster public
confidence in the office.

Accordingly, the trial court's award of summary judgment was
proper. We disagree with plaintiffs and determine that political affili-
ation is an appropriate employment requirement for plaintiffs. We
decline to hold that plaintiffs have broader rights under the North
Carolina Constitution as compared to the United States Constitution,
especially when the legislature explicitly stated by statute that deputy
clerks serve at the pleasure of the clerk.

Affirmed.

Judges CALABRIA and STROUD concur.