IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-966

Filed: 21 April 2015

Mecklenburg County, No. 13 CVS 9560

TERRI YOUNG, Plaintiff,

v.

DANIEL BAILEY, in his Official Capacity as Sheriff of Mecklenburg County, and OHIO CASUALTY INSURANCE COMPANY, Defendants.

Appeal by plaintiff from judgment entered 25 April 2014 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 February 2015.

> *Kennedy, Kennedy, Kennedy and Kennedy, LLP, by Harold L. Kennedy, III, and Harvey L. Kennedy, for plaintiff-appellant.*

> *Womble, Carlyle, Sandridge and Rice, LLP, by Sean F. Perrin, for defendant-appellees.*

STEELMAN, Judge.

Plaintiff, a deputy sheriff, was not a county employee as defined in N.C. Gen. Stat. § 153A-99, and could be discharged based upon political conduct without violating her free speech rights under the North Carolina Constitution.

## I. Factual and Procedural Background

Terri Young (plaintiff) was a deputy sheriff employed by former Mecklenburg County Sheriff Daniel Bailey (defendant, with Ohio Casualty Insurance Company, collectively, defendants). In June 2009 defendant sent a letter to approximately 1,350

of his employees, announcing his candidacy for reelection and stating that he would appreciate campaign contributions. Plaintiff did not contribute to defendant's reelection campaign or volunteer for his campaign. Defendant was reelected in November 2010. On 6 December 2010 plaintiff was terminated from her position.

On 23 May 2013 plaintiff filed a complaint, asserting claims against defendants for wrongful termination of employment in violation of the public policy under N.C. Gen. Stat. § 153A-99 and wrongful termination in violation of her rights under the Constitution of North Carolina, Article 1, § § 14 and 36. Plaintiff alleged that she was an "outstanding employee" between 1990 and 2007; that she was harassed by her superior during defendant's political campaign, and that she had been terminated "for refusing to make contributions to [defendant's] re-election campaign and for refusing to volunteer to work on his campaign." Defendants filed answers denying the material allegations of plaintiff's complaint and asserting the defense of sovereign immunity. On 3 March 2014 defendants filed a joint motion for summary judgment, asserting that there were no genuine issues of material fact regarding plaintiff's claim for wrongful discharge in violation of N.C. Gen. Stat. § 153A-99; that defendant was entitled to sovereign immunity on the wrongful discharge claim up to the amount of the surety bond; and that plaintiff's constitutional claim was barred by the existence of an adequate state law remedy.

**(Rp 24)** On 25 April 2014 the trial court granted summary judgment for defendants and dismissed plaintiff's complaint.

Plaintiff appeals.

## II.  Standard of Review

Under N.C. Gen. Stat. § 1A-1, Rule 56(a), summary judgment is properly entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." " 'In a motion for summary judgment, the evidence presented to the trial court must be admissible at trial, N.C.G.S. § 1A-1, Rule 56(e) [(2013)], and must be viewed in a light most favorable to the non-moving party.' " *Patmore v. Town of Chapel Hill N.C.*, __ N.C. App. __, __, 757 S.E.2d 302, 304 (quoting *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 467, 597 S.E.2d 674, 692 (2004) (internal citation omitted)), *disc. review denied*, __ N.C. __, 758 S.E.2d 874 (2014).

## III. Termination in Violation of Public Policy

In plaintiff's first argument she contends that she was wrongfully terminated in violation of the public policy under N.C. Gen. Stat. § 153A-99. Plaintiff asserts that she was a "county employee" as defined in § 153A-99, and that her termination from employment was in violation of this statute. We disagree.

In this case, plaintiff argues that she was terminated in violation of the public policy set forth in N.C. Gen. Stat. § 153A-99, which states that:

> (a) The purpose of this section is to ensure that county employees are not subjected to political or partisan coercion while performing their job duties, [and] to ensure that employees are not restricted from political activities while off duty[.] . . .

> (b) Definitions. For the purposes of this section: (1) "County employee" or "employee" means any person employed by a county or any department or program thereof that is supported, in whole or in part, by county funds[.] . . .

"The express purpose of N.C. Gen. Stat. § 153A-99 is 'to ensure that county employees are not subjected to political or partisan coercion while performing their job duties[.]' . . . [I]f a county employee was fired due to his political affiliations and activities, 'this would contravene . . . the prohibition against political coercion in county employment stated in N.C. Gen. Stat. § 153A-99,' hence violating North Carolina public policy." *Venable v. Vernon*, 162 N.C. App. 702, 705-06, 592 S.E.2d 256, 258 (2004) (quoting *Vereen v. Holden*, 121 N.C. App. 779, 784, 468 S.E.2d 471, 474 (1996) (internal citations omitted)).

Plaintiff argues that she was an employee of the "sheriff's department," which is supported by county funds, and thus is entitled to the protections of N.C. Gen. Stat. § 153A-99. In support of this contention, plaintiff relies primarily on a 1998 advisory opinion of the North Carolina Attorney General, which opined that the statute was "applicable to elected officials of counties," and on a case cited in the advisory opinion,

*Carter v. Good*, 951 F. Supp. 1235 (W.D.N.C. 1996), *reversed and remanded*, 145 F.3d 1323 (4th Cir. N.C. 1998) (unpublished). Plaintiff also asserts that a close analysis of the word "thereof" in the statute tends to show that she was a county employee. However, we recently addressed these same arguments in *McLaughlin v. Bailey*, __ N.C. App. __, __ S.E.2d __ (2015), a case that is identical to the instant case. In *McLaughlin,* the plaintiffs were a deputy and another employee of the Mecklenburg County Sheriff who were discharged by the sheriff, the same defendant as in the instant case. We held that:

> The employees of a county sheriff, including deputies and others hired by the sheriff, are directly employed by the sheriff and not by the county or by a county department. Sheriff's employees are not "county employees" as defined in N.C. Gen. Stat. § 153A-99 and are not entitled to the protections of that statute.

*McLaughlin*, __ N.C. App. at __, __ S.E.2d at __. In addition, the scope of N.C. Gen. Stat. § 153A-99 was recently addressed by this Court in *Sims-Campbell v. Welch*, __ N.C. App. __, __, __ S.E.2d __, __ (3 March 2015). In *Sims-Campbell*, the plaintiff, an assistant register of deeds, argued that her firing violated N.C. Gen. Stat. § 153A-99:

> Sims-Campbell also argues that [her firing] . . . violated Section 153A-99 of the General Statutes[.] . . . This argument fails because an assistant register of deeds is not a county employee. . . . We again find guidance in our cases dealing with the office of sheriff. In a series of cases, this court has held that sheriff's deputies . . . are not county employees, but rather employees of the sheriff. . . . In light of the statute's plain language and our analogous case law concerning deputy sheriffs, we conclude that an assistant

> register of deeds . . . is not a "county employee" within the meaning of N.C. Gen. Stat. § 153A-99(b)(1).

*Sims-Campbell*, __ N.C. App. at __, __ S.E.2d at __ (emphasis added). *McLaughlin* is indistinguishable from the present case and controls the outcome. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Appeal of Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). As a deputy sheriff, plaintiff was not a county employee within the meaning of N.C. Gen. Stat. § 153A-99, and cannot assert a claim for wrongful termination in violation of that statute. This argument is without merit.

## IV. Violation of State Constitutional Rights

Plaintiff next argues that her termination violated her right to freedom of speech guaranteed by Art. 1, § 14 of the North Carolina Constitution. We disagree, and again conclude that plaintiff's arguments on this issue are foreclosed by our decision in *McLaughlin*.

"[T]he First Amendment generally bars the firing of public employees 'solely for the reason that they were not affiliated with a particular political party or candidate,' as such firings can impose restraints 'on freedoms of belief and association[.]' " *Bland v. Roberts*, 730 F.3d 368, 374 (4th Cir. 2013) (quoting *Knight v. Vernon*, 214 F.3d 544, 548 (4th Cir. 2000) (internal quotation marks omitted), and *Elrod v. Burns*, 427 U.S. 347, 355, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) (plurality

opinion)). However, "the Supreme Court in *Elrod* created a narrow exception 'to give effect to the democratic process' by allowing patronage dismissals of those public employees occupying policymaking positions." *Id.* (quoting *Jenkins v. Medford*, 119 F.3d 1156, 1161 (4th Cir. 1997) (*en banc*).

> In *Jenkins* we analyzed the First Amendment claims of several North Carolina sheriff's deputies who alleged that the sheriff fired them for failing to support his election bid and for supporting other candidates. . . . [W]e considered the political role of a sheriff, the specific duties performed by sheriff's deputies, and the relationship between a sheriff and his deputies as it affects the execution of the sheriff's policies. . . . [We] concluded "that in North Carolina, the office of deputy sheriff is that of a policymaker, and that deputy sheriffs are the alter ego of the sheriff generally[,]" . . . [and] determined "that such North Carolina deputy sheriffs may be lawfully terminated for political reasons under the *Elrod-Branti* exception to prohibited political terminations."

*Bland*, 730 F.3d at 376 (quoting *Jenkins*, 119 F.3d at 1164). "In [*Jenkins*] the majority explained that it was the deputies' role as sworn law enforcement officers that was dispositive[.]" *Bland* at 377. In *McLaughlin*, we noted that the "reasoning of *Jenkins* and *Bland* was adopted by this Court in *Carter v. Marion*, 183 N.C. App. 449, 645 S.E.2d 129 (2007), *review denied*, 362 N.C. 175, 658 S.E.2d 271 (2008), and explained:

> The plaintiffs in *Carter* were former deputy clerks of court who claimed that they had been terminated from their employment for political reasons, in violation of their rights to free speech under the North Carolina Constitution. On appeal, [the *Carter* opinion] . . . discussed the holding of *Jenkins* that "deputies actually sworn to engage in law enforcement activities on behalf of the

sheriff" could be lawfully terminated for political reasons, and noted that *Jenkins* based its holding on the facts that:

> "[D]eputy sheriffs (1) implement the sheriff's policies; (2) are likely part of the sheriff's core group of advisors; (3) exercise significant discretion; (4) foster public confidence in law enforcement; (5) are expected to provide the sheriff with truthful and accurate information; and (6) are general agents of the sheriff, and the sheriff is civilly liable for the acts of his deputy."

*McLaughlin*, __ N.C. App. at __, __ S.E.2d at __. (quoting *Carter* at 454, 654 S.E.2d at 131 (citing *Jenkins* at 1162-63)). *Carter* thus held that "political affiliation is an appropriate requirement for deputy clerks of superior court." *Id.* This issue was also discussed in *Sims-Campbell*:

> [T]his Court and various federal appeals courts repeatedly have held that deputy sheriffs and deputy clerks of court may be fired for political reasons such as supporting their elected boss's opponents during an election.

*Sims-Campbell,* __ N.C. App. at __, __ S.E.2d at __ (citing *Carter*, *Jenkins*, *Upton v. Thompson*, 930 F.2d 1209 (7th Cir. 1991), and *Terry v. Cook*, 866 F.2d 373 (11th Cir. 1989)). In McLaughlin we held that *Carter* was "controlling on the issue of whether [plaintiff] could lawfully be fired based on political considerations" and that the plaintiff's "termination did not violate his free speech rights under the North Carolina Constitution." *McLaughlin* at __, __ S.E.2d at __.

We conclude, based upon the prior opinions in *McLaughlin*, *Sims-Campbell*, and *Carter*, that, even assuming *arguendo* that plaintiff was terminated based on her

political views, this did not violate her right to free speech under the North Carolina Constitution. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). Because plaintiff's substantive arguments lack merit, we have no need to reach the parties' arguments regarding defendants' defense of sovereign immunity.

## V. Conclusion

The trial court did not err in granting defendants' motion for summary judgment.

AFFIRMED.

Chief Judge McGEE and Judge BRYANT concur.