IN THE SUPREME COURT OF NORTH CAROLINA

No. 355PA14-2

Filed 29 January 2016

TERRI YOUNG

v.

DANIEL BAILEY, [1] in his Official Capacity as Sheriff of Mecklenburg County, and
OHIO CASUALTY INSURANCE COMPANY

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision
of the Court of Appeals, ___ N.C. App. ___, 771 S.E.2d 628 (2015), affirming an order
granting summary judgment entered on 25 April 2014 by Judge W. Robert Bell in
Superior Court, Mecklenburg County. Heard in the Supreme Court on 7 December
2015.

> *Kennedy, Kennedy, Kennedy and Kennedy, LLP, by Harold L. Kennedy, III and
> Harvey L. Kennedy, for plaintiff-appellant.*

> *Womble, Carlyle, Sandridge and Rice, LLP, by Sean F. Perrin, for defendant-
> appellees.*

EDMUNDS, Justice.

Following the reelection of defendant Daniel Bailey to the office of Sheriff of

Mecklenburg County, plaintiff's employment as a deputy sheriff was terminated. In

---

[1] Pursuant to N.C. R. App. P. 38(c), we note that Irwin Carmichael took office as
Sheriff of Mecklenburg County on 1 December 2014, replacing defendant Daniel Bailey.
Even though defendant Bailey was sued in his official capacity and thus is no longer a
party, for purposes of clarity we will continue to refer to him as "defendant Bailey" or
"defendant sheriff" in this opinion.

response, plaintiff brought this action, alleging wrongful termination in violation of the North Carolina public policy enunciated in N.C.G.S. § 153A-99, and of Article I, Sections 14 and 36 of the North Carolina Constitution. We hold that plaintiff was not a county employee as defined in N.C.G.S. § 153A-99. As a result, she is not entitled to the protections provided in that statute and was not terminated in violation of public policy. In addition, defendant sheriff's actions did not violate plaintiff's freedom of speech rights. Accordingly we affirm the decision of the Court of Appeals.

Plaintiff Terri Young was hired as a deputy in the Mecklenburg County Sheriff's Office in 1990 and in 2010 had reached the rank of Captain. Plaintiff's duties included oversight of a detention facility, staff operations, and inmate and staff security, along with other responsibilities the sheriff assigned to her. During her tenure as a deputy, plaintiff received three disciplinary suspensions. In addition, she was reprimanded for violations of rules of conduct in June and July 2010.

On 23 June 2009, while preparing for his 2010 run for reelection, defendant Bailey sent letters to each of his deputies, seeking contributions in support of his upcoming campaign. Plaintiff did not make a contribution. Over a year later, in November 2010, defendant Bailey was reelected Sheriff of Mecklenburg County. On 6 December 2010, defendant Bailey chose not to reappoint plaintiff to her position as a deputy sheriff, pursuant to his authority under N.C.G.S. § 153A-103(1).

On 23 May 2013, plaintiff filed suit in Superior Court, Mecklenburg County against Bailey, in his official capacity as Sheriff of Mecklenburg County, and Ohio Casualty Insurance Company, the surety bond holder for defendant Bailey. In her complaint, plaintiff alleged that she was wrongfully terminated in violation of the public policy embodied in N.C.G.S. § 153A-99, specifically contending that she was fired because she had not contributed to defendant Bailey's reelection campaign. In addition, plaintiff alleged that her termination violated her rights guaranteed to her by Article I, Sections 14 and 36 of the North Carolina Constitution. On 26 June 2013, defendant Bailey filed an answer denying all of plaintiff's material allegations, asserting an affirmative defense of sovereign immunity, and arguing that plaintiff's constitutional claims are barred because defendant Bailey would have declined to reappoint plaintiff "even in the absence of the Plaintiff's First Amendment conduct." On 21 August 2013, defendant Ohio Casualty Insurance Company filed its answer, raising similar defenses.

On 3 March 2014, defendants made a joint motion for summary judgment asserting that no genuine issues of material fact existed concerning plaintiff's claims of wrongful discharge in violation of section 153A-99 or her claims under the North Carolina Constitution. After conducting a hearing, the trial court on 25 April 2014 entered a written order allowing defendants' motion. On 22 May 2014, plaintiff filed a notice of appeal from the order.

On 21 April 2015, the Court of Appeals issued an opinion affirming the trial court's ruling. *Young v. Bailey*, ___ N.C. App. ___, 771 S.E.2d 628 (2015). The court in *Young* cited *McLaughlin v. Bailey*, ___ N.C. App. ___, 771 S.E.2d 570 (2015), in which a different plaintiff had raised the same issues after being terminated by defendant Bailey. *Young*, ___ N.C. App. at ___, 771 S.E.2d at 630 (citing *McLaughlin*, ___ N.C. App. at ___, 771 S.E.2d at 572). In *McLaughlin*, the court stated that

> employees of a county sheriff, including deputies . . . , are directly employed by the sheriff and not by the county or by a county department. Sheriff's employees are not "county employees" as defined in N.C. Gen. Stat. § 153A-99 and are not entitled to the protections of that statute.

*McLaughlin*, ___ N.C. App. at ___, 771 S.E.2d at 572. As a result, the court in *McLaughlin* held that the plaintiff could not establish a claim for wrongful termination in violation of section 153A-99. *Id.* at ___, 771 S.E.2d at 579. The panel here concluded that it was bound by this holding. *Young*, ___ N.C. App. at ___, 771 S.E.2d at 630-31. The panel in *Young* further concluded that plaintiff's state constitutional arguments lacked merit, *id.* at ___, 771 S.E.2d at 632, again relying on *McLaughlin*'s holding that deputy sheriffs can "lawfully be fired based on political considerations" without violating the state constitution's free speech guarantees, *McLaughlin*, ___ N.C. App. at ___, 771 S.E.2d at 581. We allowed discretionary review.

We review a trial court's grant of summary judgment de novo, *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007), to determine whether

any genuine issues of material fact exist and "whether the moving party is entitled to judgment as a matter of law," *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).

North Carolina is an employment-at-will state. *Garner v. Rentenbach Constructors, Inc.*, 350 N.C. 567, 569, 515 S.E.2d 438, 439-40 (1999) (citations omitted). Parties to a contract of employment may end their relationship at any time for any reason when that agreement does not establish a defined term of employment. *See Kurtzman v. Applied Analytical Indus., Inc.*, 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997) (citations omitted). Although exceptions are few, *see id.*, this Court has recognized one when the employer's acts violate the public policy of North Carolina, *see Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989) (citations omitted). Section 153A-99 embodies the public policy of protecting county employees from specific forms of political coercion. N.C.G.S. § 153A-99 (2013). The statute, entitled "County employee political activity," provides in part that "[n]o employee may be required as a duty or condition of employment, promotion, or tenure of office to contribute funds for political or partisan purposes." *Id*. § 153A-99(d). Subdivision (b)(1) defines " 'County employee' or 'employee' " as "any person employed by a county or any department or program thereof that is supported, in whole or in part, by county funds." *Id.* § 153A-99(b)(1).

Thus, to state a cause of action based on a violation of this statute, plaintiff must first show that, although she was hired by the sheriff and worked as the sheriff's

deputy, she was a "county employee." The parties agree that plaintiff was not a direct employee of the county. Instead, they wrangle over whether plaintiff falls under the second part of the definition. Plaintiff contends that the statute's protections apply to her because the sheriff's office is financed through the county, is integral to and a part of the county, and thus is a program or department of the county. Defendants acknowledge that the sheriff's office receives funding and other support from the county in the form of salaries, insurance, and so forth, but argue that funding is not the determining factor and that the mere fact of funding does not establish that a sheriff's office is a department or program of a county. Contending instead that a sheriff's office is independent of county government, defendants argue the statute does not apply to plaintiff. Accordingly, we first address the nature of plaintiff's employer.

The office of the sheriff, one of great antiquity, is established in North Carolina by our constitution. N.C. Const. art. VII, § 2; *Borders v. Cline*, 212 N.C. 472, 476, 193 S.E. 826, 828 (1937) ("The office of sheriff is constitutional."). The General Assembly explicitly has recognized the unique nature of the sheriff's position. N.C.G.S. § 17E-1 (2013). The sheriff is elected by the people, N.C. Const. art. VII, § 2, and alone is responsible for carrying out his or her official duties, N.C.G.S. § 162-24 (2013) ("The sheriff may not delegate to another person the final responsibility for discharging his official duties . . . ."). In addition, the sheriff has singular authority over his or her deputies and employees and is responsible for their actions. Under North Carolina

law, each sheriff "has the exclusive right to hire, discharge, and supervise the employees in his office." *Id.* § 153A-103(1) (2013). While certain county officials have the power to hire and fire county employees, *see id.* §§ 153A-12 (setting out powers of county boards of commissioners), -82(1) (2013) (listing powers of county manager), a county government lacks hiring, supervisory, and firing authority over deputy sheriffs.

In light of the distinct demarcation between county government and the office of the sheriff, we conclude that a sheriff's office is not a program or department of a county and agree with the consistent holdings of the Court of Appeals that a deputy sheriff or employee of a sheriff's office is not a county employee. *See, e.g., Peele v. Provident Mut. Life Ins. Co.*, 90 N.C. App. 447, 449, 368 S.E.2d 892, 894 ("It is clear to this Court that plaintiff was an employee of the sheriff and not Watauga County . . . ."), *appeal dismissed and disc. rev. denied*, 323 N.C. 366, 373 S.E.2d 547 (1988); *see also Sims–Campbell v. Welch*, ___ N.C. App. ___, 769 S.E.2d 643, 648 (2015) (holding that an assistant register of deeds, like a deputy sheriff, does not enjoy the protections of section 153A-99 because the county "lacks *any* authority to supervise or control the details of the work performed by employees in that office"). Because a sheriff's office is not a program or department of a county, the fact that the sheriff's office receives funds therefrom is of no moment. As a result, plaintiff is not covered by N.C.G.S. § 153A-99 and her suit brought under that statute fails.

Plaintiff also claims her termination was in violation of the free speech rights guaranteed by North Carolina Constitution, Article I, Section 14.[2] Here we assume without deciding that plaintiff was terminated for reasons attributable to her failure to support defendant sheriff's reelection. In analyzing alleged violations of the state constitution's guarantee of free speech, "this Court has given great weight to the First Amendment jurisprudence of the United States Supreme Court." *State v. Packingham*, ___ N.C. ___, ___, 777 S.E.2d 738, 743 (2015) (citing *State v. Petersilie*, 334 N.C. 169, 184, 432 S.E.2d 832, 841 (1993)).

The United States Supreme Court has held that "[a] State may not condition public employment on an employee's exercise of his or her First Amendment rights." *O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 717, 116 S. Ct. 2353, 2356, 135 L. Ed. 2d 874, 880 (1996) (citations omitted). However, this general rule is subject to exceptions when the employee's loyalty to the employer is paramount. In *Elrod v. Burns*, 427 U.S. 347, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976), in which deputy sheriffs were fired or threatened with firing on the basis of their party registration, the Supreme Court recognized that "the prohibition on encroachment of First Amendment protections is not an absolute." *Id.* at 360, 96 S. Ct at 2683, 49 L. Ed. 2d at 558. To ensure the execution of policies on which the winning candidate

---

[2] We note that plaintiff's complaint additionally cites North Carolina Article I, Section 36 but makes no argument relating to this Section. Accordingly, the claim is waived and we do not address it further. *See* N.C. R. App. P. 28(a).

campaigned, the Court held that employees in policymaking positions legally can be dismissed on grounds relating to political loyalty "to the end that representative government not be undercut by tactics obstructing the implementation of policies of [a] new administration, policies presumably sanctioned by the electorate." *Id.* at 367, 96 S. Ct. at 2687, 49 L. Ed. 2d at 562. The Supreme Court later refined its holdings regarding political patronage dismissals when it added that "the ultimate inquiry is not whether the label 'policymaker' or 'confidential' fits a particular position; rather, the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti v. Finkel*, 445 U.S. 507, 518, 100 S. Ct. 1287, 1295, 63 L. Ed. 2d 574, 584 (1980). The North Carolina Court of Appeals adopted *Elrod*'s reasoning in *Carter v. Marion*, 183 N.C. App. 449, 453-55, 645 S.E.2d 129, 131-32 (2007), *appeal dismissed and disc. rev. denied*, 362 N.C. 175, 658 S.E.2d 271 (2008).

Accordingly, the question before us is whether defendant sheriff has satisfied the tests set out in *Elrod* and *Branti*. The state constitution mandates popular election of sheriffs, officials who establish procedures, guidelines, priorities, and policies for his or her office. N.C. Const. art. VII, § 2; *see also* N.C.G.S. § 162-1 (2013). The election of a particular candidate signifies public support for that candidate's platform, policies, and ideology. The General Assembly has concluded that the politics of the elected sheriff are sufficiently important that in many counties, including the populous counties of Buncombe, Forsyth, Guilford, Mecklenburg, and

Wake, if a vacancy in the office occurs and the departed sheriff had been nominated by a political party, the county board of commissioners filling the vacancy is *required* to consult with the political party of the previous sheriff and must elect the person recommended by that party's executive committee. N.C.G.S. § 162-5.1 (2013).

Deputies are a reflection of their sheriff. They serve as the alter egos of the sheriff and, if liability results from the acts of a deputy, the sheriff is held responsible. *Styers v. Forsyth Cty.*, 212 N.C. 558, 565, 194 S.E. 305, 309 (1937) ("If there be a nonfeasance of neglect of duty by the under-sheriff, the sheriff alone is responsible to the party injured . . . .") (quoting *Lyle v. Wilson*, 26 N.C. (4 Ired.) 226, 228 (1844)); *see also* N.C.G.S. § 162-24 (stating that, although a sheriff may not delegate the final responsibility for discharging his or her responsibilities, "he may appoint a deputy or employ others to assist him in performing his official duties"). After considering these statutory and decisional factors, we conclude that, by standing in the elected sheriff's shoes, a deputy sheriff fills a role in which loyalty to the elected sheriff is necessary to ensure that the sheriff's policies are carried out.

The Fourth Circuit undertook a similar analysis in *Jenkins v. Medford*, 119 F.3d 1156 (4th Cir. 1997), *cert. denied*, 522 U.S. 1090, 118 S. Ct. 881, 139 L. Ed. 2d 869 (1998). After conducting an exhaustive examination of the role of deputy sheriffs in North Carolina and other jurisdictions, and after acknowledging the unique status of deputies in this state as recognized in such statutes as N.C.G.S. §§ 17E-1, 153A-103(2), and 162-24, that court concluded that "in North Carolina, the office of deputy

sheriff is that of a policymaker, and that deputy sheriffs are the alter ego of the sheriff generally." *Id*. at 1164. As a result, "North Carolina deputy sheriffs may be lawfully terminated for political reasons under the *Elrod–Branti* exception to prohibited political terminations." *Id.* While *Jenkins* is not binding on us, we find the Fourth Circuit's analysis persuasive. When, as here, mutual confidence and loyalty between a sheriff and a deputy are crucial in accomplishing the sheriff's policies and duties, the dismissal of plaintiff here based on political considerations falls squarely within the rule established in *Elrod* and *Branti*. Accordingly, we hold that plaintiff's rights under the Constitution of North Carolina were not violated.

Plaintiff also presented to this Court an argument based upon an alleged violation of her rights under the Constitution of the United States. This issue was neither raised below nor in plaintiff's petition for discretionary review. As a result, we do not address this contention. *See State v. Anthony*, 354 N.C. 372, 389, 555 S.E.2d 557, 571 (2001) (citing *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001)), *cert. denied*, 536 U.S. 930, 122 S. Ct. 2605, 153 L. Ed. 2d 791 (2002).

Because plaintiff has failed to raise any meritorious claims, the trial court correctly concluded defendants were entitled to judgment as a matter of law. Accordingly, we conclude the Court of Appeals correctly held the trial court's grant of summary judgment in favor of defendants was proper.

AFFIRMED.